ATTORNEY FOR APPELLANT
Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 23 2010, 9:51 am

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 15S04-0909-CR-405

STEPHAN M. GALLAGHER,                                   *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                        *Appellee (Plaintiff below).*

Appeal from the Dearborn Circuit Court, No. 15C01-0511-FA-14
The Honorable James D. Humphrey, Judge

On Transfer from the Indiana Court of Appeals, No. 15A04-0806-CR-326

**February 23, 2010**

**Dickson, Justice.**

We granted transfer in this case and in Griffin v. State, also decided today, to address the meaning and application to be given to the statutory provisions that preclude, in limited circumstances, the penalty enhancement that ordinarily results from drug offenses committed within 1,000 feet of school property, a public park, a family housing complex, or a youth program center.

Appealing his conviction and sentence for Dealing in a Schedule II Controlled Substance Within One Thousand Feet of School Property, a class A felony, the defendant claims errors re-

lated to (1) the adequacy of the State's rebuttal of the statutory defense concerning the location of the drug sale, (2) the admissibility of a digital recording, (3) the correctness of an instruction regarding aiding and inducing, and (4) the appropriateness of the sentence. The Court of Appeals addressed and rejected the defendant's claims with respect to issues (2) and (3), and, as to issue (1), it reversed and remanded with instructions to enter a conviction for the offense as a class B felony and to resentence the defendant accordingly and thus did not address issue (4). Gallagher v. State, 906 N.E.2d 272, 277 (Ind. Ct. App. 2009). We granted transfer to consider issue (1) and now summarily affirm the Court of Appeals as to issues (2) and (3).[1] Addressing issues (1) and (4) below, we affirm the defendant's conviction and sentence.

## 1. Statutory Defenses

The defendant contends that he raised, and the State failed to adequately rebut, two statutory defenses. Seeking to reduce his conviction from a class A felony to a class B felony, he argues that the State failed to rebut: (a) that he was within 1,000 feet of school property only "briefly" at a time when no children were present; and (b) that his presence within the proscribed zone resulted from the request or suggestion of law enforcement.

In response, the State contends that there was sufficient evidence to establish beyond a reasonable doubt: (a) that the defendant was within the proscribed zone for twenty minutes for the purpose of retrieving, dividing, and delivering a controlled substance; and (b) that the defendant selected the meeting place thus placing himself in the proscribed zone.

The offense of Dealing in a Schedule I, II, or III Controlled Substance is classified as a class B felony. But if the offense is committed by delivery or financing of the delivery of the controlled substance (a) to certain persons under eighteen years of age, (b) on a school bus, or (c) within one thousand feet of school property, a public park, a family housing complex, or a youth program center, then the offense is a class A felony with substantially greater penal consequences. Ind. Code § 35-48-4-2.

---

[1] Ind. Appellate Rule 58(A)(2).

As to offenses requiring proof of delivery, financing the delivery, or possession of a controlled substance within one thousand feet of school property, a public park, a family housing complex, or a youth program center, the legislature has provided:

> (b) It is a defense for a person charged under this chapter . . . that:
> (1) a person was briefly in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center; and
> (2) no person under eighteen (18) years of age at least three (3) years junior to the person was in, on, or within one thousand (1,000) feet of the school property, public park, family housing complex, or youth program center at the time of the offense.
> (c) It is a defense for a person charged under this chapter . . . that a person was in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center at the request or suggestion of a law enforcement officer or an agent of a law enforcement officer.

Ind. Code § 35-48-4-16. Once the defendant raises either of these two defenses and supporting evidence is presented, the burden passes to the State to disprove beyond a reasonable doubt at least one element of the defense. *See* Harrison v. State, 901 N.E.2d 635, 642 (Ind. Ct. App. 2009), *trans. denied* (as to the Section 16(b) defense for "briefly" in the proscribed zone with the absence of children); Bell v. State, 881 N.E.2d 1080, 1086 (Ind. Ct. App. 2008), *trans. denied* (as to the Section 16(c) defense for presence at the request or suggestion of law enforcement). The State correctly acknowledges its burden of proof. Appellee's Br. at 10.

In the appellate review of claims that the State has failed to present sufficient evidence to rebut a defense, the same standard applies as to other challenges to the sufficiency of evidence. *See* Dockery v. State, 644 N.E.2d 573, 578 (Ind. 1994). A conviction must be affirmed "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (*quoting* Tobar v. State, 740 N.E.2d 109, 112 (Ind. 2000)). Thus, here we must evaluate whether there is sufficient evidence from which the jury could have found that the State rebutted both of the claimed defenses beyond a reasonable doubt. The defense under Indiana Code § 35-48-4-16(b) contains two components, "briefly" and the absence of children, both of which must exist for the defense to apply. This defense is defeated if the State disproves either component beyond a reasonable doubt. Separate and independent from this Section 16(b) defense is the one under Section 16(c), which will apply unless the State disproves

beyond a reasonable doubt that the defendant was within the proscribed 1,000 feet "at the request or suggestion" of a law enforcement officer or agent.

The evidence establishes that in the summer of 2005, Dearborn County Sheriff Department Detective Shane McHenry began having conversations with Danny Goodpaster, an acquaintance from high school and prior employment, regarding the selling of illegal drugs in the area. Goodpaster eventually agreed to attempt a drug buy from the defendant, and on November 29, 2005, he called the defendant and inquired about purchasing drugs. The defendant and Goodpaster agreed to meet behind a particular pharmacy in Aurora, Indiana, where the defendant would be in a green Ford Thunderbird with two females. Goodpaster then called Detective McHenry, who picked up Goodpaster, equipped him with a recording device and money, searched him, and then drove him to the vicinity of the pharmacy. Goodpaster exited and walked to the Thunderbird parked behind the pharmacy and got into the back seat with the defendant. Goodpaster gave the money to the defendant, and the defendant handed the money to one of the women who left the car and walked to some nearby apartments. After a lapse of time, she returned and displayed ten pills in cellophane wrapping. After a discussion of how the pills were to be divided, the woman kept four pills and handed six pills to the defendant, who handed them to Goodpaster. Goodpaster then exited the car and rejoined Detective McHenry. Among the trial evidence was the recording made by the device provided to Goodpaster. Our review of the recording discloses that it lasted twenty-two minutes and thirty seconds, of which thirteen minutes and thirty seconds covered the actual drug dealing transaction itself (starting at the point when Goodpaster joined the defendant at the Thunderbird and ending when Goodpaster left the car with the purchased drugs). Of the remaining nine recorded minutes, two minutes covered Detective McHenry's driving Goodpaster to the vicinity of the pharmacy, and seven minutes and fourteen seconds recorded the events from Goodpaster's departure from the Thunderbird to his rejoining Detective McHenry, including the process of turning off the recording device. Contrasting slightly with the actual thirteen and one half minutes that elapsed during Goodpaster's presence with the defendant in the rear seat of the Thunderbird, Goodpaster's trial testimony estimated the time to be "probably . . . about twenty minutes." Tr. at 61.[2] The Thunderbird was

_____

[2] We note two other occasions when the phrase "twenty minutes" appears in the record. The first occurs in the absence of the jury during a colloquy between the court and counsel. In a discussion related

4

located 230 feet from St. John's Lutheran School when the drugs were exchanged. There was no evidence as to the distance of other involved locations from the school.

The evidence is arguably somewhat inconsistent, however, regarding who selected the location for the drug deal. During the direct and redirect examination, Goodpaster testified that it was the defendant who chose the location. But one exchange during cross-examination suggests otherwise. When defense counsel asserted to Goodpaster that during his prior deposition he had admitted suggesting the location to Detective McHenry, Goodpaster responded, "Uh-huh. Okay." Tr. at 71–72.

## A. *The "briefly" defense.*

The defendant argues that he is entitled to relief based on his statutory defense to Dealing in a Schedule II Controlled Substance Within One Thousand Feet of School Property because "the transaction lasted only long enough for the pills to be procured and handed to Goodpaster," Appellant's Br. at 8, and there was no one under the age of eighteen present on school property when the transaction took place around 3:00 a.m. The defendant argues that any ambiguity in the word "briefly" should be resolved against the State. The State does not dispute the absence of persons under the age of eighteen at the time, but contends that the defendant was within 1,000 feet of the school for at least twenty minutes and that "[t]here is no lenient interpretation of 'brief' which can embrace this transaction." Appellee's Br. at 13.

In today's companion case, Griffin, we held that the term "briefly," as used in the statutory defense provision, means "a period of time no longer than reasonably necessary for a defendant's intrusion into the proscribed zone principally for conduct unrelated to unlawful drug activities, provided that the defendant's activities related to the charged offense are not visible." Griffin, ___ N.E.2d at ___. [Slip Opinion at 7–8].

_____

to the admissibility of the tape recording, the trial judge expressed his understanding that the recording "is between twenty minutes and a half hour," to which counsel for the State replied: "I believe that['s] right around twenty minutes, Judge." Tr. at 235–36. The phrase also appears later, during closing argument, when the State asserted, "I don't think twenty minutes is brief under anybody's standards." Tr. at 326. The transcript of the recording includes Detective McHenry's statement that it began at 3:19 a.m. and concluded at 3:41 a.m. State's Exh. 9-A, Tr. Exh. Vol. at 11.

The evidence established that the defendant was present within 1,000 feet of the school and that he was located in the proscribed zone for as little as thirteen minutes and thirty seconds. During that period of time, however, the defendant was principally engaged in conduct related to unlawful drug activities clearly visible to anyone present, and thus his thirteen and one half minutes in the proscribed zone does not qualify as "briefly." We conclude that the evidence was sufficient to rebut the defendant's claim to the statutory defense that he was only "briefly" in the proscribed zone.

*B. The "request or suggestion of law enforcement" defense.*

The defendant alternatively contends that the State failed to rebut the statutory defense that applies for persons charged with dealing in a controlled substance "within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center *at the request or suggestion of a law enforcement officer or an agent of a law enforcement officer.*" Ind. Code § 35-48-4-16(c) (emphasis added).[3] The defendant argues that there is "some uncertainty about who selected" the location for the drug deal, which was within 1,000 feet of the school. Appellant's Br. at 7. From this uncertainty, he asserts that he established, and the State failed to rebut, that he was within the proscribed zone only at the request or suggestion of a law enforcement agent. The State urges that Goodpaster testified that it was the defendant who selected the meeting place and that Goodpaster's agreement "that defense counsel's selective reading of his deposition was accurate" did not amount to an affirmative statement that he, Goodpaster, selected the location. Appellee's Br. at 12.

---

[3] Although citing and quoting the statutory defense established by Indiana Code § 35-48-4-16(c), the defendant's argument refers to this as his "entrapment" defense. Appellant's Br. at 5–7. In response, the State discusses the general defense of entrapment set forth at Indiana Code § 35-41-3-9, and argues, among other things, that such defense is available only where "the person was not predisposed to commit the offense." *Id.* At issue in this case, however, is not the general defense of entrapment (which would operate as a complete defense to drug dealing, regardless whether charged as a class A or class B felony), but rather is the limited statutory mitigator (that merely precludes the enhanced penalty resulting from commission of the offense within the proscribed 1,000 foot zone). We address this issue only in the latter context, as presented in this case. The absence of propensity to commit the offense is not an element of this statutory defense.

As noted above, in the appellate review of a claim of insufficient evidence to rebut this defense, we consider the evidence and reasonable inferences favorable to the judgment, without reweighing or assessing credibility, to evaluate whether there is sufficient probative evidence from which a reasonable jury could have found that the State rebutted the defense beyond a reasonable doubt. The defense acknowledges that the evidence on this point was uncertain, impliedly conceding the existence of evidence supporting the jury's rejection of his claim to the defense. We decline to find that the State's rebuttal was insufficient.

## 2. Sentence Reasonableness

Challenging the appropriateness of his sentence, as permitted by Indiana Appellate Rule 7, the defendant contends that his character and the nature of his offense do not warrant a thirty-year sentence. Emphasizing his youth (age twenty when sentenced), a lack of adult convictions, and a juvenile history of only three incidents when age seventeen, the defendant urges that a long prison term is not needed to accomplish his rehabilitation. He also asserts that the offense, selling Oxycontin pills to an undercover informant, was non-violent, caused no pecuniary loss, and took place at three o'clock in the morning—when no children were present, and thus is less severe than other class A felonies.

The State responds that the advisory sentence he received from the trial court is appropriate in part because of his prior juvenile adjudications—one involving two acts at age seventeen that, if committed by an adult, would have been battery, and one that would have been resisting law enforcement. The State emphasizes evidence that the defendant had been a frequent user of marijuana, cocaine, and pain killers since he was twelve years old and that he was high on cocaine and heroin when he committed the instant offense. While acknowledging that this was the defendant's first adult offense, the State argues that his juvenile history is violent and that he has demonstrated an evasive attitude toward taking responsibility for his actions. For these reasons, the State urges that it was appropriate for the trial court to impose the sentence of thirty years, with ten years suspended to probation.

Appellate Rule 7 permits an appellate sentence revision when, "after due consideration of

7

the trial court's decision," the reviewing court "finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7. After considering the pre-sentence investigation report and conducting a sentencing hearing, the trial court found aggravating factors to include the defendant's evasiveness, lack of remorse, and general defiant attitude, that he is likely to commit future crimes, that he curses and verbally abuses his mother, that he smoked marijuana while in the Law Enforcement Center pending trial, and that he has shown a failure to take personal responsibility for his actions. The trial court also noted mitigating factors in the defendant's young age and the fact that this was his first adult offense. But it expressly declined to give mitigating value to the fact that the defendant has two sons because of the defendant's failure to make significant efforts toward their support and "the contempt shown by defendant towards his children." Tr. at 419. Balancing the aggravating and mitigating factors, the trial court ordered the thirty-year advisory sentence for a class A felony,[4] and then suspended ten years to probation.

We decline to find that the sentence selected by the trial court was inappropriate in light of the nature of the offense and the defendant's character.

## Conclusion

The judgment of the trial court is affirmed.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

[4] The permissible sentences for a class A felony range from twenty to fifty years, with thirty years designated as the "advisory sentence." Ind. Code § 35-50-2-4.