**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JASON A. CHILDERS**
Hulse, Lacey, Hardacre, Austin,
Sims & Childers, P.C.
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 22 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMY L. HOPKINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  48A02-1104-CR-342 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-1004-FA-60

**February 22, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Jeremy L. Hopkins appeals his conviction and sentence that was imposed for Dealing in Cocaine, class A. Felony. Specifically, Hopkins contends that the evidence is insufficient because the State failed to prove that Hopkins was within 1000 feet of a family housing complex for more than a brief period of time or that persons under the age of eighteen were within 1000 feet of the family housing complex at the time of the offense. Hopkins also maintains that the trial court abused its discretion by failing to find the fact that his imprisonment would cause undue hardship on his six-year-old daughter as a mitigating circumstance and that his sentence is inappropriate in light of the nature of the offense and his character. Finding sufficient evidence and no other error, we affirm the judgment of the trial court.

FACT

On December 1, 2009, Anderson Police Detective Kevin Earley was parked on Morton Avenue conducting surveillance. At about 4:30 p.m., Detective Earley saw Hopkins driving a white Ford pull up and park across the street in front of a residence on Morton Avenue, opposite the flow of traffic. Another individual, Ryan Steffler came out of his residence and approached the driver's side of Hopkin's vehicle. At that point, Hopkins paid Steffler $20 for 0.12 grams of cocaine. Following the transaction, Steffler walked toward his residence.

Detective Earley exited his police vehicle and approached Steffler as Hopkins watched from his car. Detective Earley identified himself as a police officer and ordered

Steffler to stop. Steffler ran into his residence, and Detective Earley chased him inside. While Detective Earley was in the residence, he heard Hopkins drive away.

Steffler told Detective Earley that he had purchased the drugs from Hopkins and threw them under the Christmas tree. Detective Earley located the substance, which the Indiana State Police Laboratory later confirmed was cocaine. Steffler identified Hopkins in court and in a photo lineup as the individual from whom he had purchased cocaine.

On April 8, 2010, the State charged Hopkins with dealing in cocaine as a class A felony because it alleged that the drug transaction occurred with 1000 feet of the cottages of Anderson, a family housing complex. On February 22, 2011, following a bench trial, Hopkins was convicted as charged.

A sentencing hearing was conducted on March 21, 2011. Several witnesses testified as to Hopkins's good character, work history, learning disability, and difficult upbringing, including spending time in foster care. The trial court found Hopkins's difficult childhood and hearing disability to be mitigating factors and his criminal history, consisting of three felony convictions, ten misdemeanor convictions, and numerous arrests to be an aggravating factor. The trial court sentenced Hopkins to thirty years imprisonment, with five years suspended to probation. Hopkins now appeals.

## DISCUSSION AND DECISION

### I. Insufficient Evidence

Hopkins argues that there was insufficient evidence to support his conviction

In reviewing a challenge to the sufficiency of the evidence, this court will neither

reweigh the evidence nor judge the credibility of the witnesses. Baumgartner v. State, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). We will consider only the evidence most favorable to the verdict and all reasonable inferences. Taylor v. State 879 N.E.2d 1198, 1202 (Ind. Ct. App. 2008). Additionally, this court will affirm if there is probative evidence from which a jury could have found the defendant guilty beyond a reasonable doubt. Gray v. State, 871 N.E.2d 408, 416 (Ind. Ct. App. 2007).

To prove that Hopkins committed a class A felony dealing in cocaine, the State was required to show that Hopkins knowingly or intentionally delivered the cocaine within 1000 feet of a family housing complex. Ind. Code 35-48-41-1; Appellant's App. P. 137. The General Assembly has provided a defense to the enhancement which elevated Hopkins's offense to a class A felony. More particularly, Indiana Code section 35-48-4-16 provides that it is a defense if:

(1) a person was only briefly in, on, or within one thousand (1,000) feet of…a family housing complex… and

(2) no person under eighteen (18) years of age at least three (3) years junior to the person was in, on, or within one thousand (1,000) feet of the…family housing complex…at the time of the offense.

When a defendant raises this defense and supporting evidence is presented, the burden is on the State to disprove at least one element beyond a reasonable doubt. Gallagher v. State, 925 N.E.2d 350, 353 (Ind. 2010). This defense contains two components, namely, that the defendant was in the proscribed area "briefly" and the absence of children, both of which must exist for the defense to apply. Id. Our Supreme Court has defined "briefly" as "a period of time no longer than reasonably necessary for a

defendant's intrusion into the proscribed zone principally for conduct unrelated to unlawful drug activities, provided that the defendant's activities related to the charged offense are not visible." Griffin v. State, 925 N.E.2d 344, 349-50 (Ind.2010).

In Gallagher, the defendant was in the proscribed zone for as little as thirteen minutes. 925 N.E.2d at 353. Nevertheless, our Supreme Court concluded that this was not a brief amount of time, inasmuch as "the defendant was principally engaged in conduct related to unlawful drug activities clearly visible to anyone present." Id. at 355.

By contract, in Griffin, the companion case to Gallagher, our Supreme Court held that the State had not sufficiently rebutted the defense because it had failed to prove that the defendant was within 1,000 feet of a school longer than reasonably necessary to push his moped down the street while in possession of concealed drugs. 925 N.E.2d at 350. Additionally, the State had failed to prove that there were children present. Id. Consequently, the defendant's conviction was reduced from a class B felony to a class D felony. Id.

Here, like the defendant in Gallagher, while Hopkins was in the proscribed zone, he was primarily engaged in conduct related to unlawful drug activity clearly visible to anyone present. Indeed Detective Earley saw the transaction occur in Hopkins's vehicle. Accordingly, the State sufficiently rebutted the first prong of the defense, and this claim fails.

## II. Sentence

Hopkins makes two arguments challenging his thirty-year sentence. Hopkins contends that the trial court abused its discretion in sentencing him. Additionally, Hopkins maintains that his sentence is inappropriate in light of the nature of the offense and his character and requests that this Court revise it pursuant to our authority under Appellate Rule 7(B).

## A. Abuse of Discretion

Hopkins claims that the trial court abused its discretion when sentencing him. Specifically, Hopkins argues that the trial court failed to find that his imprisonment would cause undue hardship on his daughter as a mitigating factor.

Initially, we observe that sentencing decisions rest within the trial court's sound discretion and are reviewed on appeal only for an abuse of that discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007) clarified on reh'g 875 N.E.2d 218 (2007). A trial court may abuse its discretion by entering a sentencing statement that includes reasons for imposing a sentence not supported by the record, omits reasons clearly supported by the record, or includes reasons that are improper as a matter of law. Id. At 490-91.

As stated above, Hopkins argues that the trial court abused its discretion by failing to find that his imprisonment would cause undue hardship on his daughter as a mitigating circumstance. While Hopkins's witnesses mentioned that he had custody of his daughter and was a good father, this court has recognized that absent special circumstances, trial courts are not required to find that imprisonment will result in undue hardship. Reese v. State, 720 N.E.2d 695, 703 (Ind. Ct. App. 2011), trans. denied. Here, Hopkins did not demonstrate special circumstances such that his imprisonment was an undue hardship on

his daughter. Therefore, the trial court did not abuse its discretion when it refused to find hardship to Hopkins's child as a mitigating factor.

## B. Inappropriate Sentence

Finally, Hopkins argues that his sentence of thirty years with five years suspended to probation for a class A felony dealing in cocaine is inappropriate in light of the nature of the offense and his character pursuant to Appellate Rule 7(B). When reviewing a Rule 7(B) appropriateness challenge, we defer to the trial court. Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

As for the nature of the offense, Hopkins entered the proscribed zone around the family housing complex for the purpose of dealing cocaine. The drug transaction occurred on the street in broad daylight, at 4:30 p.m., where Detective Earley clearly witnessed the transaction.

As for Hopkins's character, at the time of sentencing, he had three felony convictions and ten misdemeanor convictions. Thus, it is evidence he has no respect for the rule of law and continues to reoffend. Therefore, in light of the nature of the offense and Hopkins's character, he has failed to persuade use that his thirty year sentence is inappropriate, and we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.