**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRIAN G. DEKKER**
O'Brien & Dekker
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MATHEW A. JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1110-CR-991 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1011-FA-30

**September 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Mathew Johnson appeals his convictions of and sentences for Class B felony aggravated battery,[1] Class B felony possession of methamphetamine,[2] and his adjudication as an habitual substance offender.[3] He argues on appeal the trial court should have granted his motion to sever some of the counts and should have tendered certain instructions he asked for, and that his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 29, 2010, Johnson and Michael Griffin were in a car at a Lafayette apartment complex following a drug transaction. Karlon Jackson, to whom Griffin owed money, arrived on his bicycle and stood in front of the car. Jackson was unarmed, but he had one hand in his pocket and one hand near the waistline of his coat. Johnson pulled a gun from the center console, ordered Jackson to move, and fired twice in Jackson's direction. One shot hit Jackson and punctured his liver. Johnson ran over the bicycle and drove away. Griffin saw a duffel bag in the car. It was later determined it contained a portable meth lab. Griffin testified he saw Johnson consume methamphetamine.

Police determined Johnson was the shooter and saw him driving with a female passenger the next day. They followed him until he parked his car. The police exited their car and identified themselves as police. Johnson drove off at a high rate of speed and soon crashed into a fire hydrant. He fled on foot and was later apprehended. Police recovered the

---

[1] Ind. Code § 35-42-2-1.5.
[2] Ind. Code § 35-48-4-6.1. Possession of methamphetamine is a Class B felony if the person in possession of the methamphetamine possesses less than three (3) grams in, on, or within one thousand feet of a family housing complex. *Id*.
[3] Ind. Code § 35-50-2-10.

duffel bag containing methamphetamine precursors and reagents from the car Johnson was driving, and they found methamphetamine in the passenger's purse. The gun used in the shooting was in the car, and Johnson had a holster and magazine with him when he was apprehended.

The State charged Johnson with a number of offenses including attempted murder, aggravated battery, and a variety of methamphetamine-related charges. He moved to sever the drug-related charges from the battery and attempted murder charges, and the trial court denied the motion. Johnson asked for additional language to the self-defense instruction but the trial court denied the motion and used the pattern instruction. It also declined to give Johnson's tendered instruction on defenses to a methamphetamine charge.

The trial court granted Johnson's motion for a directed verdict on the attempted murder charge and entered convictions of aggravated battery and possession of methamphetamine. Johnson admitted he was an habitual substance offender. He was sentenced to fifteen years for aggravated battery, to be served consecutive to fifteen years for possession of methamphetamine, which charge was enhanced by five years by virtue of his habitual offender status. Twenty-eight years of the aggregate thirty-five year sentence was to be served in the Department of Correction, with the remainder suspended to probation or home detention.

**DISCUSSION AND DECISION**

1. <u>Severance</u>

Two or more offenses may be joined in the same indictment or information when they

are of the same or similar character, even if not part of a single scheme or plan, or are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. Ind. Code § 35-34-1-9. Ind. Code § 35-34-1-11 provides in part:

> (a) Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:
> (1) the number of offenses charged;
> (2) the complexity of the evidence to be offered; and
> (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

Whether to sever multiple charges is a matter within the trial court's discretion, taking into account the three factors listed in subsections 11(a)(1) through (3), and a denial of severance will be reversed only on a showing of clear error. *Ben-Yisrayl v. State*, 690 N.E.2d 1141, 1146 (Ind. 1997), *reh'g denied, cert. denied sub nom. Ben-Yisrayl v. Indiana*, 525 U.S. 1108 (1999). We will reverse and order new, separate trials only if the defendant can show that in light of what occurred at trial, the denial of a separate trial subjected him to such prejudice that the trial court abused its discretion in declining to grant his motion for severance. *Brown v. State*, 650 N.E.2d 304, 306 (Ind. 1995).

Johnson has not demonstrated he was prejudiced by the denial of his motion to sever. He notes the offenses with which he was charged "can be clearly divided into two separate categories," (Br. of Appellant at 9) – the drug-related charges and the charges related to the shooting -- and the crimes in the two categories were committed on different days. He

4

directs us to *Frentz v. State*, 875 N.E.2d 453, 462 n.6 (Ind. Ct. App. 2007), *trans. denied*, where we said:

> Among the kinds of prejudice that may obtain from joinder of offenses are "1) the jury may cumulate evidence of the separate crimes; 2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; 3) the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges."

(Quoting *United States v. Dileo*, 859 F. Supp. 940, 944 (W.D. Pa. 1994)). We acknowledge the potential for prejudice addressed in *Frentz*, but we cannot say potential for prejudice, without more, amounts to the showing of clear error required by *Ben-Yisrayl*, 690 N.E.2d at 1146. Johnson has not demonstrated that "in light of what occurred at trial, the denial of a separate trial subjected him to such prejudice that the trial court abused its discretion in declining to grant his motion for severance." *Brown*, 650 N.E.2d at 306.

> 2.     Self-Defense Instruction

Johnson argues the trial court should have added additional language to the pattern jury instruction on self-defense.[4] As the substance of the additional language was included in the pattern instruction the trial court gave the jury, there was no error.

A defendant in a criminal case is entitled to have the jury instructed on any theory of defense that has some foundation in evidence, *Creager v. State*, 737 N.E.2d 771, 777 (Ind. Ct. App. 2000), *trans. denied*, even if the evidence is weak and inconsistent. *Id.* It is within

---

[4] Johnson also asserts the trial court improperly "agreed to tender the self-defense instruction only if Johnson agreed to another instruction" involving an uncharged offense. (Br. of Appellant at 11.) As the record does not support Johnson's assertion the addition of the self-defense language was conditioned on his acceptance of an instruction about a different offense, we are unable to address that allegation of error.

the province of the jury to determine whether the defendant's evidence was believable, unbelievable, or sufficient to warrant the use of force. *Id.* Generally, the determination whether a defendant acted in self-defense is a question of fact for the jury. *Id.* Johnson's jury was instructed on self-defense.

The trial court has considerable discretion in determining which issues have been raised by the trial evidence and in determining the form in which instructions will be given. *Id.* It is error to decline a tendered instruction if 1) the instruction correctly states the law; 2) the substance of the instruction is correct; 3) the instruction is supported by the evidence; 4) the instruction does not repeat material adequately covered by the other instructions; and 5) the substantial rights of the tendering party would be prejudiced if the instruction were not given. *Epperly v. Johnson*, 734 N.E.2d 1066, 1073 (Ind. Ct. App. 2000).

> The jury was instructed:
>
> It is an issue whether the Defendant acted in self-defense or defense of another person.
> A person may use reasonable force against another person to protect himself or another person from what he reasonably believes to be the imminent use of unlawful force.
> A person is justified in using deadly force, and does not have a duty to retreat, only if he reasonably believes that deadly force is necessary to prevent serious bodily injury to himself or another person.
> However, a person may not use force if he is committing a crime that is directly and immediately connected to the confrontation.
> The State has the burden of proving beyond a reasonable doubt that the Defendant did not act in self-defense or defense of another person.

(App. at 779.)

6

Johnson wanted the court to add the language "no person shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary." (Tr. at 376-77.) As the additional language repeated material adequately covered by the pattern self-defense instruction the trial court gave, declining to add the language Johnson tendered was not an abuse of discretion. At trial Johnson conceded the additional language was "added fluff," (App. at 446), but he wanted the language because "that is part of the statute and I would like that in the instruction." (*Id*. at 447.) He concedes on appeal the additional language "is recited to a lesser extent by the trial court's tendered instruction." (Br. of Appellant at 13.)

We agree. In *Lloyd v. State*, 448 N.E.2d 1062 (Ind. 1983), Lloyd claimed the omission of the phrase "when a Defendant . . . without fault on his part is violently assaulted" he may defend himself. *Id*. at 1070. The instructions the court gave included several statements about a defendant's "right to defend himself against attack -- the essence of the defense of self-defense." *Id*. at 1071. Our Supreme Court found the instructions were adequate to instruct the jury and there was "no significant imbalance detrimental to the defendant." *Id*. The instruction in the case before us explained to the jury when the use of force is "justified," (App. at 779), so the jury did not need to be additionally instructed that "no person shall be placed in legal jeopardy," (Tr. at 376-77), for self-protection.

3.    Methamphetamine Instruction

The trial court declined to give Johnson's tendered instruction regarding certain defenses to a charge of drug possession in certain locations. That was not an abuse of

7

discretion, as the instruction was not supported by the evidence.

Ind. Code § 35-48-4-16 provides:

(a) For an offense under this chapter that requires proof of:
  (1) delivery of cocaine, a narcotic drug, methamphetamine, or a controlled substance;
  (2) financing the delivery of cocaine, a narcotic drug, methamphetamine, or a controlled substance; or
  (3) possession of cocaine, narcotic drug, methamphetamine, or controlled substance;
within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center, the person charged may assert the defense in subsection (b) or (c).
(b) It is a defense for a person charged under this chapter with an offense that contains an element listed in subsection (a) that:
  (1) a person was briefly in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center; and
  (2) no person under eighteen (18) years of age at least three (3) years junior to the person was in, on, or within one thousand (1,000) feet of the school property, public park, family housing complex, or youth program center at the time of the offense.

The defense under Ind. Code § 35-48-4-16(b) has two components -- "briefly," and the absence of children, both of which must exist for the defense to apply. *Gallagher v. State*, 925 N.E.2d 350, 353 (Ind. 2010).

In *Gallagher,* the State did not dispute the absence of persons under eighteen, but contended Gallagher was within 1,000 feet of a school for at least twenty minutes and that "[t]here is no lenient interpretation of 'brief' which [sic] can embrace this transaction." *Id*. at 354. The term "briefly," as used in the statutory defense provision, means a period of time no longer than reasonably necessary for a defendant's intrusion into the proscribed zone principally for conduct unrelated to unlawful drug activities. *Id*. Gallagher was present

8

within 1,000 feet of the school and was in the proscribed zone for less than fifteen minutes. During that time he was principally engaged in conduct related to unlawful drug activities clearly visible to anyone present. That evidence was sufficient to rebut his claim that he was only "briefly" in the proscribed zone. *Id.* at 355.

Similarly, the evidence was sufficient to rebut Johnson's claims there were no children present or he was in the area only briefly. The State presented testimony from a witness who saw children[5] at the apartment complex that day and testified children are there "everyday." (App. at 453.) Another witness testified many children live there. There was evidence Johnson was at the apartment complex for twenty minutes – his was not a "brief" visit pursuant to *Gallagher.* As the evidence did not support Johnson's instruction, we find no error.

4.    Sentence

"A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Ind. Code § 35-50-2-5. The trial court sentenced Johnson to fifteen years for each of the Class B felonies, to be served consecutively. The sentence was enhanced by five years by virtue of the determination Johnson is an habitual substance offender.

---

[5]  Johnson asserts there was no evidence any children at the apartment complex were at least three years younger than he, as the statute requires. It appears from the record that at the time of his offense, Johnson was twenty-five years old. A jury could reasonably infer the "children" about which the witnesses testified were at least three years younger than twenty-five.

Sentencing decisions are within the trial court's discretion. *Sanchez v. State*, 891 N.E.2d 174, 175 (Ind. Ct. App. 2008). We review such decisions for an abuse of discretion. *Id*. at 176. We give deference to the trial court's decision, recognizing the special expertise of the trial court in making sentencing decisions. *Id*. The defendant bears the burden of persuading us the sentence is inappropriate. *Id*. We may revise a sentence if it is inappropriate in light of the nature of the offense and character of the offender. *Id*. (citing Ind. Appellate Rule 7(B)). We will assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence was inappropriate. *Id*. In light of his offense and character, we cannot say Johnson's sentence was inappropriate.[6]

As for Johnson's character, we note Johnson has an extensive criminal history, including four felonies, and a number of juvenile adjudications. He had recently violated his probation. We cannot find his sentence inappropriate in light of his character. As for the nature of the offense, Johnson shot twice at the victim, who was unarmed. One shot hit him, puncturing his liver. Johnson fled the scene, and when police found him, he tried to escape, first in a vehicle and then on foot. Johnson's sentence was not inappropriate based on the nature of his offenses.

---

[6] Johnson also asserts the trial court should not have ordered his sentences served consecutively. As he offers no legal authority to support that allegation of error, we do not address it. *See Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009) (a party waives an issue when he does not provide adequate citation to authority); *see also* Ind. Appellate Rule 46(A)(8) (contentions in appellant's brief must be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal).

**CONCLUSION**

As the trial court was not obliged to sever the counts against Johnson, the jury was properly instructed, and the sentence was not inappropriate, we affirm.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.