**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**STEPHAN GALLAGHER**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 30 2014, 10:00 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEPHAN GALLAGHER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 15A05-1301-PC-12 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1207-PC-6

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Stephan Gallagher, pro se, appeals the denial of his petition for post-conviction relief.

We affirm.

## Facts and Procedural History

Our supreme court recited the following relevant facts in Gallagher's direct appeal:

> [I]n the summer of 2005, Dearborn County Sheriff Department Detective Shane McHenry began having conversations with Danny Goodpaster, an acquaintance from high school and prior employment, regarding the selling of illegal drugs in the area. Goodpaster eventually agreed to attempt a drug buy from the defendant, and on November 29, 2005, he called the defendant and inquired about purchasing drugs. The defendant and Goodpaster agreed to meet behind a particular pharmacy in Aurora, Indiana, where the defendant would be in a green Ford Thunderbird with two females [Lisa Johns and Jennifer Carlton]. Goodpaster then called Detective McHenry, who picked up Goodpaster, equipped him with a recording device and money, searched him, and then drove him to the vicinity of the pharmacy. Goodpaster exited and walked to the Thunderbird parked behind the pharmacy and got into the back seat with the defendant. Goodpaster gave the money to the defendant, and the defendant handed the money to one of the women who left the car and walked to some nearby apartments. After a lapse of time, she returned and displayed ten [oxycodone] pills in cellophane wrapping. After a discussion of how the pills were to be divided, the woman kept four pills and handed six pills to the defendant, who handed them to Goodpaster. Goodpaster then exited the car and rejoined Detective McHenry…. The Thunderbird was located 230 feet from St. John's Lutheran School when the drugs were exchanged.

*Gallagher v. State*, 925 N.E.2d 350, 353-54 (Ind. 2010).

The State charged Gallagher with class A felony dealing in a schedule II controlled substance and class A felony conspiracy to commit dealing in a schedule II controlled substance. A jury found him guilty as charged. The trial court vacated the conspiracy conviction on double jeopardy grounds.

On appeal, Gallagher raised the following issues: (1) whether the State failed to rebut his statutory defense that he was within 1000 feet of the school for only a brief period of time while no children were present; (2) whether the trial court erred in admitting an audiorecording of the drug deal because Gallagher believed that the State had committed a discovery violation by providing him a less audible copy of the recording; and (3) whether the trial court erred in giving a jury instruction on accomplice liability that was allegedly incomplete and confusing. Regarding issue (1), another panel of this Court found that the State had failed to rebut Gallagher's defense, reversed his class A felony dealing conviction, and remanded with instructions to reduce the conviction to a class B felony. *Gallagher v. State*, 906 N.E.2d 272 (Ind. Ct. App. 2009) ("*Gallagher I*"), *trans. granted*. As for issue (2), the panel found that Gallagher had waived the issue because he had failed to request a continuance, but it nevertheless addressed the issue and found no error. And as for issue (3), the panel found the issue waived because Gallagher had objected to the instruction on a different basis at trial. Our supreme court granted transfer and affirmed the trial court. 925 N.E.2d 350 ("*Gallagher II*").

Gallagher filed a petition for postconviction relief ("PCR"). He requested representation by the Indiana Public Defender, which the postconviction court granted, but later decided to proceed pro se. After an evidentiary hearing, the postconviction court issued an order denying Gallagher's petition. This appeal ensued.

**Discussion and Decision**

Gallagher contends that the postconviction court erred in denying his petition. PCR "proceedings do not grant a petitioner a 'super-appeal' but are limited to those issues available under the Indiana Post–Conviction Rules." *Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010), *trans. denied*.

> Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Id*. (some citations omitted). "In other words, the defendant must convince this Court that there is *no* way within the law that the court below could have reached the decision it did." *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002), *cert. denied* (2003). Gallagher's claims involve either ineffective assistance of trial counsel or ineffective assistance of appellate counsel.

**Section 1.0 – Ineffective Assistance of Trial Counsel/Standard of Review**

Our standard of review is as follows:

> To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984), *reh'g denied* ), *reh'g denied, cert. denied*, 534 U.S. 830, 122 S. Ct. 74, 151 L. Ed. 2d 39 (2001). A counsel's performance is deficient if it falls below an objective standard of

4

reasonableness based on prevailing professional norms. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001). Failure to satisfy either prong will cause the claim to fail. *French*, 778 N.E.2d at 824. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id.*

When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Morgan v. State*, 755 N.E.2d 1070, 1072 (Ind. 2001). "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." *Williams v. State*, 771 N.E.2d 70, 73 (Ind. 2002). Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel. *Clark v. State*, 668 N.E.2d 1206, 1211 (Ind. 1996), *reh'g denied*, *cert. denied*, 520 U.S. 1171, 117 S. Ct. 1438, 137 L. Ed. 2d 545 (1997). "Reasonable strategy is not subject to judicial second guesses." *Burr v. State*, 492 N.E.2d 306, 309 (Ind.1986).

*Pryor v. State*, 973 N.E.2d 629, 631-32 (Ind. Ct. App. 2012).

### Section 1.1 – Accomplice Liability Instruction

Gallagher first contends that trial counsel was ineffective in failing to make a proper objection to the trial court's instruction on accomplice liability and in failing to tender a more complete instruction. To establish that trial counsel's failure to make a proper objection to the jury instruction was ineffective assistance of counsel, Gallagher would first have to prove that a proper objection would have been sustained. *Dawson v. State*, 810 N.E.2d 1165, 1177 (Ind. Ct. App. 2004), *trans. denied*. He would also have to prove that trial counsel's failure to object was unreasonable and resulted in sufficient prejudice such that there is a reasonable probability that the outcome would have been different. *Id.*

The trial court gave the jury the following instruction on accomplice liability:

A person who knowingly or intentionally:
1.    Aids, induces or causes another person to commit an offense;
2.    Commits that offense, even if the other person:
    1.    Has not been prosecuted for the offense;
    2.    Has not been convicted of the offense;
    3.    Has been acquitted of the offense.

Appellant's Appeal App. at 208. At trial, Gallagher's counsel unsuccessfully objected to the instruction on the basis that accomplice liability had not been mentioned "throughout the entire proceeding" and thus it was "going to cause confusion[.]" Trial Tr. at 314. Gallagher acknowledges that the instruction tracks the accomplice liability statute, Indiana Code Section 35-41-2-4, but he asserts that "[t]he jury should have been told that they had to find that [he] committed certain actions to be found guilty." Appellant's Br. at 11.[1] Gallagher cites no authority for this assertion. In fact, Indiana courts "have 'long disapproved' instructions that unduly 'emphasize one particular evidentiary fact, witness, or phase of the case.'" *Fowler v. State*, 900 N.E.2d 770, 773 (Ind. Ct. App. 2009) (quoting *Ham v. State*, 826 N.E.2d 640, 641-42 (Ind. 2005)). "'An instruction as to what evidence warrants an

_____

[1] Gallagher also asserts that "the jury must be instructed that accomplice liability requires proof that the defendant engaged in voluntary conduct in concert with his accomplice." Appellant's Br. at 10 (citing *Small v. State*, 531 N.E.2d 498, 499 (Ind. 1988)). In *Small*, the jury was instructed on accomplice liability as follows:

Indiana law provides that: A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense. It is also the law that a Defendant is responsible for the acts of his codefendants as well as his own acts. Any act of one is attributable to them all.

531 N.E.2d at 499. On appeal, the majority reversed Small's conviction based on the second sentence of the instruction, which was not given in this case. Moreover, the voluntariness of Gallagher's conduct was not at issue. As such, we find *Small* inapposite.

inference of guilt clearly invades the jury's province.'" *Id.* (quoting *Crawford v. State*, 550 N.E.2d 759, 761 (Ind. 1990)).[2]

Gallagher also argues that the instruction "wholly failed to instruct that [he] must have engaged in some affirmative conduct in aiding or inducing the offense." Appellant's Br. at 10. We disagree. We have said that the words "aid" and "participate" "denote affirmative conduct or action," *Boney v. State*, 880 N.E.2d 279, 294 (Ind. Ct. App. 2008), *trans. denied*, and thus we do not find the trial court's instruction deficient in that respect.[3]

Finally, Gallagher contends that trial counsel should have tendered the pattern jury instruction on accomplice liability, which would have included the names of his accomplices as well as the elements of the conspiracy and dealing charges. We have said, however, that a trial court does not err "by giving separate element and accomplice liability instructions rather than giving hybrid 'accomplice liability element instructions' that combine the elements of accomplice liability with the elements of the crimes charged." *Specht v. State*,

---

[2] Therefore, we are unpersuaded by Gallagher's argument that the instruction improperly relieved the State of its burden of proof as to aiding and inducing.

[3] We are unpersuaded by Gallagher's reliance on *Peterson v. State*, 699 N.E.2d 701 (Ind. Ct. App. 1998), in which the majority concluded that the trial court's accomplice liability instruction (identical to the one in this case) "wholly failed to instruct that the defendant must have engaged in some affirmative conduct in aiding or inducing the offense" and thus constituted reversible error. *Id.* at 707. In *Peterson*, the defendant raised the instruction issue in a direct appeal where the alleged error had been preserved at trial. Here, however, Gallagher appeals the postconviction court's denial of his claim that he received ineffective assistance of counsel. These fundamentally different postures demand different analyses. In order to prevail on his ineffectiveness claim, Gallagher must demonstrate, among other things, that his trial counsel's refusal to object to the jury instructions was not based on a reasonable trial strategy. *See, e.g.*, *Brewington v. State*, 7 N.E.3d 946, 977-78 (Ind. 2014). That question was never presented in *Peterson* and is not a hurdle that Gallagher can overcome. At the postconviction hearing, trial counsel testified that he did not want to draw attention to the State's accomplice liability theory and instead wanted the jury to decide whether to convict Gallagher of class A felony drug dealing based on his minimal handling of the oxycodone pills. This was a reasonable strategy.

7

838 N.E.2d 1081, 1093 (Ind. Ct. App. 2005), *trans. denied* (2006).[4] And Gallagher cites no authority for the proposition that an accomplice liability instruction must name the defendant's alleged accomplices.

In sum, Gallagher has failed to establish that any of his proposed objections would have been sustained, let alone that trial counsel's failure to object on those grounds or tender another instruction was unreasonable and resulted in sufficient prejudice such that there is a reasonable probability that the outcome of the trial would have been different. Thus, his claim fails.

### Section 1.2 – Probable Cause Affidavit

In his initial brief, Gallagher contends that trial counsel was ineffective in failing to move to dismiss the charges against him based on an allegedly deficient probable cause affidavit. The State correctly observes that "the probable cause affidavit is not the means by which a defendant is held to answer a criminal charge" and that even if Gallagher's allegation of deficiency is correct, "'then his only remedy would have been release from pre-trial detention.'" Appellee's Br. at 14-15 (citing and quoting *Flowers v. State*, 738 N.E.2d 1051, 1055 (Ind. 2000)). In his reply brief, Gallagher concedes this point but argues that, "[a]t the very least, his bail set at $100,000.00 surety plus $2,500.00 cash could have been reduced or completely eliminated.'" Appellant's Reply Br. at 7 (quoting Appellant's Br. at

---

[4] Gallagher suggests that aiding and inducing is a separate crime. It is not. "[T]he Indiana statute governing accomplice liability does not establish it as a separate crime, but merely as a separate basis of liability for the crime charged." *Hampton v. State*, 719 N.E.2d 803, 807 (Ind. 1999).

23). Gallagher cites no authority for the proposition that he may recover bail expenses in a postconviction proceeding. As such, this claim is meritless.

### Section 1.3 – Admission of Delivery of Drugs

Next, Gallagher argues that trial counsel was ineffective in saying during his opening statement that the evidence would show that, "at most," Gallagher handled the pills for "[a] couple of seconds…thirty seconds…forty seconds," and in asking Detective McHenry whether he believed that "having something one to three seconds constitutes delivery." Trial Tr. at 49, 270. Gallagher contends that "[t]his was a disastrous concession because in effect the attorney conceded that Gallagher delivered the drugs, which is an element of the offense charged, and without proof of said element a jury could not have convicted Gallagher of dealing." Appellant's Br. at 26. According to Gallagher, "[t]here was no evidence which supported the allegation that [he] handled the drugs during the drug buy apart from Goodpaster's testimony[,]" which "was at best suspect for multiple reasons as reflected throughout the trial." *Id*.

We disagree with Gallagher's characterization of trial counsel's statements as a concession of delivery.[5] Regardless of Goodpaster's credibility issues, which trial counsel highlighted on cross-examination, the jurors were entitled to believe his testimony. Trial

---

[5] We also disagree with Gallagher's assertion that Goodpaster's testimony was the only evidence that Gallagher handled the drugs. Detective McHenry testified that Gallagher admitted that the drugs were handed to him and then to Goodpaster. Trial Tr. at 200. And the audiorecording of the drug buy also suggests that Gallagher handled the drugs at some point during the transaction. *See* State's Ex. 9-A at 21-22 (transcript of recording) ("JENNIFER CARLTON: Here you go. STEPH[A]N GALLAGHER: Thank you. All right. Is that all ten or six? What is it? How many you got in there. JENNIFER CARLTON: Six. DANNY GOODPASTER: Three, four, five, six. Steph[a]n, give Steph[a]n four, and --").

counsel's statements clearly were intended to persuade the jurors that even if they found Goodpaster credible, they should not convict Gallagher of class A felony drug dealing based on his minimal handling of the oxycodone pills. This was a reasonable strategy, and therefore Gallagher's ineffectiveness claim fails.

## Section 1.4 – Selection of Drug Deal Location

Goodpaster was charged with dealing drugs within 1000 feet of school property, which elevated the offense to a class A felony. Ind. Code § 35-48-4-6(b)(3). Under Indiana Code Section 35-48-4-16(c), it is a defense for a person charged with dealing drugs within 1000 feet of school property that he was at that location "at the request or suggestion of a law enforcement officer or an agent of a law enforcement officer." Once the defendant raises this defense and supporting evidence is presented, the State must disprove it beyond a reasonable doubt. *Gallagher II*, 925 N.E.2d at 353. The defense does not excuse a defendant from culpability, but only reduces the level of culpability for the crime. *Harrison v. State*, 901 N.E.2d 635, 641-42 (Ind. Ct. App. 2009), *trans. denied*.

When questioned by the prosecutor at trial, Goodpaster testified that Gallagher selected the location for the drug deal. On cross-examination, trial counsel asked who selected the location for the drug deal, and Goodpaster again stated that Gallagher did. Trial counsel confronted Goodpaster with his pretrial deposition, in which he had testified that he had actually selected the location for the drug deal. The trial court called a recess to allow the parties to review the deposition, after which trial counsel questioned Goodpaster on other

10

matters. On redirect, Goodpaster reaffirmed that Gallagher selected the location for the drug deal.

Gallagher argues that trial counsel "should have persisted in his questioning regarding who had selected the location where the drug deal took place" and that, had he done so, "the burden on the State to disprove beyond a reasonable doubt that Gallagher was within 1,000 feet of school property at the request or suggestion of Goodpaster, would have been greatly increased." Appellant's Br. at 28, 29. When Gallagher asked trial counsel at the postconviction hearing why he had not pressed Goodpaster regarding the contradictory statements, counsel replied, "My recollection is that it was not going to be helpful to you. He was going to clarify over and over again that you were the one behind selecting the location and that's why I wanted to get him off the stand as quickly as possible." PCR Tr. at 41. This strategy was reasonable, and Gallagher's prejudice claims are purely speculative. Therefore, this claim fails.

### Section 1.5 – Failure to Depose Witness

Gallagher argues that trial counsel was ineffective in failing to depose and subpoena Josh Johns, who purportedly supplied the pills that were purchased by Goodpaster. "When ineffective assistance of counsel is alleged and premised on the attorney's failure to present witnesses, it is incumbent upon the petitioner to offer evidence as to who the witnesses were and what their testimony would have been." *Lowery v. State*, 640 N.E.2d 1031, 1047 (Ind. 1994), *cert. denied* (1995). We agree with the State that "Gallagher only offers speculation about Josh Johns' testimony based on a selective reading of the trial record," Appellee's Br.

at 21, and thus he has failed to establish a reasonable probability that the result of his trial would have been different if counsel had deposed or subpoenaed Johns. This claim also fails.

### Section 1.6 – Failure to Challenge Gallagher's Confession

At trial, Detective McHenry testified that he interviewed Gallagher, who told him that

> he was contacted by Danny Goodpaster, that he had agreed to hook Danny up with some pills, that Danny met them behind Beyer's Pharmacy, that Danny supplied the money, the money was given to Lisa Johns, Lisa went and obtained the pills from somebody else, and that she came back and handed the pills to him…Stephan, and Stephan then handed those pills to Danny Goodpaster.

Trial Tr. at 200. Gallagher notes that his confession was not recorded and argues that trial counsel "could and should have argued before the jury that it was not true that Gallagher had confessed." Appellant's Br. at 31.

At the PCR hearing, Gallagher noted that trial counsel never "directly asked" Detective McHenry if he had made the confession and asked, "Do you believe that hurt my defense?" PCR Tr. at 50. Counsel replied, "No, because he would have said, yes, you did. If I had asked him, it would have just opened it up and the jury would have heard him say over and over, yes, he confessed, and that was the fear." *Id*. Counsel's strategy was reasonable, and therefore Gallagher's claim fails.

### Section 1.7 – Failure to Request Continuance

During discovery, the State provided Gallagher with a copy of the audiorecording of the drug deal that Gallagher's counsel characterized as "barely audible." Trial Tr. at 214. Counsel requested and received a transcript of the recording and crafted his trial strategy

12

around the poor quality of the recording.  At trial, the State offered into evidence a recording that counsel characterized as "clear as a bell."  *Id.* at 215.  Counsel complained about the discrepancy but did not ask for a continuance.  On appeal, Gallagher argued that the State had committed a discovery violation and therefore the trial court should have excluded the recording.  We held that Gallagher had waived the issue by failing to request a continuance.  *Gallagher I*, 906 N.E.2d at 279.

Here, Gallagher contends that trial counsel should have requested a continuance to "formulate a different strategy" and states, "[a]lthough we will never know whether the trial court would have granted the continuance, we know for sure that Gallagher was prevented from raising this issue on direct appeal due to his lawyer's failure to ask for one."  Appellant's Br. at 32.  Gallagher has not alleged, let alone established, a reasonable probability that the result of the trial would have been different but for counsel's alleged error.  Therefore, this claim fails.

## Section 1.8 – Prosecutorial Misconduct Claims

In his PCR petition, Gallagher asserted prosecutorial misconduct claims that, as the State correctly observes, "had nothing to do with the effectiveness of his counsels' representation."  Appellee's Br. at 27.  The State filed an answer to Gallagher's petition.[6]  Approximately a month before the PCR hearing, Gallagher filed a memorandum announcing his intention to present those claims "in the context of ineffective assistance of counsel."  Appellant's PCR App. at 112-13.  But he did not amend his petition accordingly.

---

[6] Gallagher did not include the State's answer in his appellant's appendix.

At the beginning of the PCR hearing, the State moved to dismiss Gallagher's prosecutorial misconduct claims on the basis that they "are improper in post-conviction relief review and are solely to be remedied within the scope of direct appeals." PCR Tr. at 6; *Keller v. State*, 481 N.E.2d 1109, 1112 (Ind. Ct. App. 1985). In response, Gallagher cited *Taylor v. State*, which says that a defendant in a postconviction proceeding may allege a claim of fundamental error (such as unobjected-to prosecutorial misconduct) in the context of an ineffective assistance of counsel claim. 922 N.E.2d 710, 715-16 (Ind. Ct. App. 2010), *trans. denied*. Unlike the defendant in *Taylor*, however, Gallagher did not raise such a claim in his PCR petition. *Cf. Kirk v. State*, 632 N.E.2d 776, 779 (Ind. Ct. App. 1994) ("In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. [Ind. Post-Conviction Rule] 1(8). Failure to do so constitutes waiver unless the court finds a ground for relief which for sufficient reason was not asserted or was inadequately raised in the original petition. *Id*."). The postconviction court took the matter under advisement and ruled in its order that it could not consider the prosecutorial misconduct issue because Gallagher had not raised it on appeal.

The State points out that Gallagher has not challenged this ruling and argues that it therefore "controls the disposition of this case." Appellee's Br. at 28. Gallagher does not respond to this argument in his reply brief. We agree with the State. And because Gallagher has not challenged the postconviction court's ruling, we affirm on this issue.

**Section 1.9 – Cumulative Effect of Errors**

Finally, Gallagher argues that "even if each error of counsel individually may not be sufficient to prove ineffective representation, an accumulation of such failures clearly amounts to ineffective assistance." Appellant's Br. at 36. Because Gallagher has failed to establish that trial counsel committed any errors, his argument fails.

**Section 2.0 – Ineffective Assistance of Appellate Counsel**

Gallagher contends that his appellate counsel was ineffective in failing to raise two issues on appeal. At the postconviction hearing, Gallagher refused to waive his attorney-client privilege with respect to his appellate counsel, and the postconviction court ordered her testimony stricken from the record. In its order denying Gallagher's PCR petition, the court concluded that Gallagher had "failed to meet his burden of proof because he presented no evidence regarding ineffective assistance of counsel." Appellant's App. at 21. The State observes that Gallagher has not challenged the postconviction court's striking of appellate counsel's testimony and argues that "Gallagher should be found to have withdrawn his allegations" of ineffective assistance of appellate counsel. Appellee's Br. at 36. We agree and therefore affirm the postconviction court in all respects.

Affirmed.

BAKER, J., and NAJAM, J., concur.