

FILED

Feb 22 2012, 10:43 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE
Antwon Abbott
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court

No. 34S02-1202-CR-110

ANTWON ABBOTT,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Howard Superior Court, No. 34D01-0909-FA-819
The Honorable William C. Menges, Jr., Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 34A02-1009-CR-1067

**February 22, 2012**

**Rucker, Justice.**

After a trial by jury thirty-year-old Antwon Leon Abbott was convicted of possession of cocaine as a Class B felony for which he was sentenced to the maximum term of twenty years. Based on the nature of the offense we revise Abbott's sentence to twelve years.

## Facts and Procedural History

The essential facts are these. In the early afternoon hours of September 8, 2009 Kokomo police officer Gary Taylor – a member of the Drug Task force – planned to make a controlled buy of narcotics at 436 South Indiana Street. As Officer Taylor headed in that direction he observed a car in front of him – a black Oldsmobile with tinted windows. The car stopped at that address for a short period. Someone came out of the house, went up to the car, went back into the house, and the car drove off. Believing a drug transaction had occurred Officer Taylor radioed canine Drug Task Force Officer Chad VanCamp and advised him to make a traffic stop.

Several blocks from 436 South Indiana Street, Officer VanCamp initiated a stop of the black Oldsmobile on grounds of a "window tint" violation.[1] See Appellant's App. at 18. Abbott was a passenger in the automobile. Both the driver and Abbott were ordered out of the car. A subsequent search of Abbott revealed rolling papers, a plastic bag containing twenty-six other smaller baggies, and a plastic baggie taped underneath his scrotum containing 1.15 grams of cocaine and 5.17 grams of marijuana.

As it turns out, Officer VanCamp stopped the car within 1,000 feet of the Main Street Methodist Church which housed the Acacia Academy – a private school. In point of fact Officer VanCamp stopped the car near the intersection of Main Street and Harrison, just a few yards from the church. Abbott was charged with dealing in cocaine as a Class A felony, possession of cocaine as a Class B felony, and possession of marijuana as a Class A misdemeanor. A jury found him guilty of possessing cocaine and marijuana and acquitted him of the dealing charge.

---

[1] See Ind. Code § 9-19-19-4.

Finding no mitigating factors and citing Abbott's criminal history and lack of remorse as aggravating factors the trial court sentenced Abbott to twenty years for possession of cocaine.[2] Abbott appealed raising three claims including his sentence was inappropriate in light of the nature of the offense and his character. The Court of Appeals rejected these claims and affirmed the judgment of the trial court. See Abbott v. State, 950 N.E.2d 357 (Ind. Ct. App. 2011). We grant transfer to address Abbott's appropriateness claim. In all other respects we summarily affirm the opinion of the Court of Appeals. See Ind. Appellate Rule 58(A).

**Discussion**

Possession of cocaine is generally a Class D felony which carries a maximum penalty of three years. See Ind. Code §§ 35-48-4-6(a), 35-50-2-7. The offense is enhanced to a Class B felony if the person possesses less than three grams of cocaine "in, on, or within one thousand (1000) feet of . . . school property." I.C. § 35-48-4-6(b)(2)(i). A Class B felony carries a maximum penalty of twenty years. However, it is a defense for a person charged under Indiana Code section 35-48-4-6(b) where the person was "in, on, or within one thousand (1000) feet of school property . . . at the request or suggestion of a law enforcement officer or an agent of a law enforcement officer." I.C. § 35-48-4-16(c). This is not an affirmative defense, but rather a mitigating factor that reduces culpability, "and therefore the defendant does not have the burden of proof but 'only the burden of placing the issue in question where the State's evidence has not done so.'" Harrison v. State, 901 N.E.2d 635, 642 (Ind. Ct. App. 2009), trans. denied (quoting Adkins v. State, 887 N.E.2d 934, 938 (Ind. 2008)). Once at issue, the burden passes to the State to disprove beyond a reasonable doubt that the defendant was within 1,000 feet of school property at the request or suggestion of a law enforcement officer or an agent of a law enforcement officer. See Gallagher v. State, 925 N.E.2d 350, 353 (Ind. 2010).

Here, during its case in chief the State placed at issue whether Abbott was within 1,000 feet of the Acacia Academy at the request of a law enforcement officer. More precisely Officer VanCamp testified on direct examination that after receiving a radio call from Officer Taylor, he

---

[2] The trial court also sentenced Abbott to one year for marijuana possession. Crediting him with time served, the trial court noted that Abbott "has satisfied his sentence" with respect to that offense. Appellant's App. at 187.

"went southbound from the police station" and "I picked up the vehicle in the alley on Harrison Street and where I initiated a traffic stop at the intersection of Main and Harrison." Tr. at 173. Nothing in the record suggests that the driver of the car had anything to do with the location of the stop. According to Officer VanCamp, "[s]o at that time I activated my emergency lights and the vehicle pulled over on the east side of the road on Main Street." Tr. at 174. Additionally, nothing in the record before us sheds any light on why Abbott made no effort at trial to pursue the issue of whether his possession of cocaine within 1,000 feet of school property was at the request of Officer VanCamp. No attempt was made to cross-examine Officer VanCamp on this issue; not once during closing argument did Abbott mention the statutory mitigating factor under Indiana Code section 35-48-4-16(c); and Abbott did not request and the trial court did not give a jury instruction on the matter. Indeed even on appeal Abbott makes no argument concerning Indiana Code section 35-48-4-16(c).[3]

In any event we conclude that the circumstances resulting in the enhancement of Abbott's offense from a Class D felony to a Class B felony weigh heavily in assessing the appropriateness of the sentence imposed. We hasten to note there is no question that the trial court properly exercised its sentencing discretion in this case. Nonetheless, "[a]lthough a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution 'authorize[] independent appellate review and revision of a sentence imposed by the trial court.'" Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)). Our appellate authority is implemented through Indiana Appellate Rule 7(B), which allows us to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

Concerning Abbott's character, the record shows he has an extensive history of juvenile delinquency and adult criminal convictions that include resisting arrest, receiving stolen property, and possession of cocaine. As the Court of Appeals observed, "[c]learly, Abbott has not reformed his criminal behavior despite his numerous prior contacts with the criminal justice system." Abbott, 950 N.E.2d at 365. We agree. But this is not the end of the inquiry. As to the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an

---

[3] Although representing himself on transfer, Abbott was represented by counsel on direct appeal.

appropriate sentence for the crime committed. <u>Childress</u>, 848 N.E.2d at 1081. And the advisory sentence for a Class B felony is ten years. <u>See</u> I.C. § 35-50-2-5. We emphasize however that Abbott's offense was enhanced from a Class D felony – which has an advisory sentence of one and a half years, <u>see</u> I.C. § 35-50-2-7 – to a Class B felony because he was "in, on, or within one thousand feet (1000) of . . . school property." I.C. § 35-48-4-6(b)(2)(i). However, but for the police officer's choice of location in stopping the car in which Abbott was a passenger, he would have received no more than the maximum three-year sentence for his possession of less than three grams of cocaine. These circumstances compel us to conclude that although Abbott's character does not necessarily justify a revision of his sentence, the nature of Abbott's offense in this case renders his twenty-year maximum sentence inappropriate. We therefore grant transfer and revise Abbott's sentence to twelve years – two years above the statutory advisory term for a Class B felony.

## Conclusion

We remand this cause to the trial court with instructions to issue an amended sentencing order consistent with this opinion. The judgment of the trial court is otherwise affirmed.

Shepard, C.J., and Sullivan, J., concur.
David, J., dissents with separate opinion in which Dickson, J., concurs.

5

**David, J., dissenting.**

I would affirm the trial court. The sentence imposed by the trial court was not inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B).

Over one gram of cocaine and five grams of marijuana were found by a physician in a plastic bag hidden under Abbott's scrotum. In addition, Abbott was arrested within 1000 feet of a school. Indiana Code section 35-48-4-6(b)(2) accordingly elevates Abbott's Class D felony conviction of possession of cocaine to a Class B felony. I write to stress two important points about Abbott's crime and sentence.

First, in <u>Walker v. State</u>, this Court held that a defendant's presence in a school zone is a strict liability element. 668 N.E.2d 243, 244 (Ind. 1996) ("[W]e can imagine an altogether rational reason the legislature might decide to write a statute with a strict liability punishment provision."). It is clear that with this provision the legislature intended to deter drug activity from in and around schools and to give more discretion to law enforcement, prosecutors, and judges in combating the evils of drugs. As this Court has aptly stated, "'[a] dealer's lack of knowledge of his proximity to the schools does not make the illegal drug any less harmful to the youth in whose hands it may eventually come to rest.'" <u>Id.</u> at 244–45 (quoting <u>Williford v. State</u>, 571 N.E.2d 310, 313 (Ind. Ct. App. 1991), <u>trans. denied</u>).

Second, although sympathy may arise when a defendant who commits a Class D felony suddenly finds himself facing a Class B felony sentence, the trial court here adequately justified the sentence imposed. Thus, I agree with the Court of Appeals conclusion that the nature of the offense and Abbott's character "support[] the trial court decision to impose a twenty-year sentence." <u>Abbott v. State</u>, 950 N.E.2d 357, 365 (Ind. Ct. App. 2011). Specifically, in regards to Abbott's offense, the Court of Appeals stated that "Abbott was found with a not insubstantial amount of cocaine and marijuana, along with plastic baggies that are commonly used to package illicit drugs for sale." <u>Id.</u> at 364–65. The Court of Appeals also appropriately noted that "Abbott has ten convictions, including felony convictions for receiving stolen property, cruelty to an

animal, and possession of cocaine. . . . Clearly, Abbott has not reformed his criminal behavior despite his numerous prior contacts with the criminal justice system." Id. at 365.

For the foregoing reasons, I respectfully dissent.

Dickson, J., concurs.