## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 11 2015, 8:13 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antonio Brown,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 11, 2015

Court of Appeals Cause No. 15A05-1501-CR-8

Appeal from the Dearborn Superior Court.

The Honorable Sally Blankenship, Judge.

Cause No. 15D02-1311-FA-29

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Antonio Brown (Brown), appeals his forty-year sentence after pleading guilty to dealing in a narcotic drug, a Class A felony, Ind. Code § 35-48-4-1(a)(2) (2013).

[2] We affirm.

## ISSUE

[3] Brown raises one issue on appeal, which we restate as: Whether Brown's sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

[4] On November 19, 2014, during a routine traffic stop, State Police Trooper Brian Earls of the Dearborn County Sherriff's Department (Trooper Earls), found a half ounce of heroin in Dillon Moore's (Moore) vehicle. Hoping for leniency, Moore informed Trooper Earls that he could get more drugs from his source, an individual known as "G.," who was later identified as Brown. (Transcript p. 42). According to Moore, Brown drove a blue Volkswagen Passat with Ohio license plates, sold drugs at the Hollywood Casino's parking lot, and on occasion, he would be accompanied by his girlfriend during the drug transactions.

[5] Two days later, in the presence of Detectives Shane McHenry (Detective McHenry) and Carl Pieczonka (Detective Pieczonka), Moore telephoned

Brown and set up a meeting to buy more drugs from Brown. Brown agreed and suggested meeting at the usual location, the Hollywood Casino parking lot. Detective Pieczonka and Moore waited inside Moore's vehicle for Brown's arrival. Moments later, Brown and his girlfriend arrived in a blue Volkswagen Passat with Ohio license plates. Brown pulled up near Moore's vehicle, and Moore exited his vehicle and got inside Brown's vehicle. The two exchanged 12.55 grams of heroin for $1,400. Moore then returned to his vehicle and handed Detective Pieczonka a plastic bag that contained the heroin. Once Detective Pieczonka notified Detective McHenry and other units that the exchange had occurred, they proceeded to stop Brown's vehicle. $900 of the buy money was located in Brown's girlfriend's purse, and the remaining $500 was located inside Brown's pants pocket.

[6] On November 22, 2013, the State charged Brown with Count I, dealing in a narcotic drug, a Class A felony, and Count II, conspiracy to commit dealing in a narcotic drug, a Class A felony. On November 5, 2014, pursuant to a plea agreement entered with the State, Brown pled guilty to Count I, dealing in a narcotic drug, a Class A felony, and the State agreed to dismiss Count II. Sentencing was left open to the trial court's discretion. On December 1, 2014, a sentencing hearing was held and the trial court identified Brown's extensive criminal history as an aggravating factor. In mitigation, the trial court observed that Brown pled guilty but all the same, it recognized that the State had a strong case against Brown. Accordingly, the trial court sentenced Brown to forty years in the Department of Correction, with five years suspended to probation.

[7] Brown now appeals.  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION[1]

[8] Brown contends that his forty-year sentence is inappropriate in light of the nature of the offense and his character.  Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter."  *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).  Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case.  *Id*.

---

[1] Pursuant to Indiana Administrative Rule 9(G)(2)(b) and Indiana Code section 35-38-1-13, the presentence investigation (PSI) report must be excluded from public access.  However, in this case, the information contained in the PSI report "is essential to the resolution" of Brown's claim on appeal.  Ind. Admin. Rule 9(G)(7)(a)(ii)(c).  Accordingly, we have included confidential information in this decision only to the extent necessary to resolve the appeal.

[9]     The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). For his Class A felony dealing in a narcotic drug, Brown faced a sentencing range of twenty to fifty years, with the advisory sentence being thirty years. Here, the trial court imposed a forty-year sentence.

[10]    As to the nature of the offense, the record reveals that Brown sold 12.55 grams of heroin to Moore for $1,400. In his brief, Brown attempts to reduce the significance of the amount of heroin by comparing it to the size of a Hershey's chocolate bar. We note the amount of heroin that Brown was trafficking was four times greater than the 3-gram requirement for the Class A felony offense.

[11]    As to Brown's character, the record shows that he has an extensive criminal history. Brown's criminal record dates back to 2000, and it includes twenty-five contacts with law enforcement in Ohio. In addition, the PSI reveals that Brown has had multiple probation violations which show his disdain for authority and unwillingness to comply with the law. Furthermore, this is not Brown's first drug offense. In 2003, 2006, and 2010, Brown was arrested and charged in Ohio for trafficking drugs.

[12]    Brown claims that he is remorseful and that he takes full responsibility for his actions, yet, at the sentencing hearing and in the PSI, he blames others for his actions. Specifically, at the sentencing hearing, Brown claimed that he was doing a favor for a friend when he delivered the drugs. Brown then claimed that he was lured by law enforcement, and that the sting operation which led to

his arrest was "a tremendous waste of resources[,] not to mention the burden it places on [] taxpayer[s] who are exposed to the potentially hundreds of thousands of dollars that [] will [] cost to incarcerate me." (Tr. p. 39). Brown's version of events in the PSI was that he first came to Indiana because his friend was in trouble. Brown further stated that on the day he was arrested for the instant offense, he and Moore were inside his vehicle talking about computers and that Moore gave him money. Once Moore got out of his vehicle, the police arrested him and he felt like Moore "threw him under the bus" and that it was a set up. (Appellant's App. p. 170).

[13] Despite his numerous prior contacts with the criminal justice system in Ohio, Brown has not reformed his criminal behavior. Here, we cannot say that the forty-year sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender.

## CONCLUSION

[14] Based on the foregoing, we conclude that Brown's sentence is not inappropriate in light of the nature of the offense and his character.

[15] Affirmed.

[16] Friedlander, J. and Brown, J. concur