## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 04 2015, 8:33 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark I. Cox
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nathan McFarland,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 4, 2015

Court of Appeals Cause No.
89A01-1412-CR-532

Appeal from the Wayne Superior Court

The Honorable Charles K. Todd, Jr., Judge

Cause No. 89D01-1305-FC-43

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Nathan McFarland (McFarland), appeals his thirteen-year sentence for battery, a Class C felony, Ind. Code § 35-42-2-1 (2013), and his adjudication as a habitual offender, I.C. § 35-50-2-8 (2013).

[2] We affirm.

## ISSUE

[3] McFarland raises one issue on appeal, which we restate as: Whether McFarland's sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

[4] On May 12, 2013, which happened to be Mother's Day, Lindsay Schenkel (Schenkel)—McFarland's girlfriend—went to visit James Goubeaux (Goubeaux) and his girlfriend, Jessica Hersey (Hersey), at their apartment in Richmond, Indiana. At some point, Hersey left her apartment to go to the store. While at the apartment, Schenkel consumed eighty dollars' worth of heroin. Sometime after lunch, McFarland arrived at Goubeaux's and Hersey's apartment. Prior to McFarland's arrival, he and Schenkel had been calling and texting each other, and McFarland was furious that Schenkel was using heroin even after suspecting that she was pregnant. When McFarland entered the apartment, he started arguing with Schenkel. Goubeaux informed McFarland

that he could not argue in his home. At that point, McFarland grabbed Schenkel by her sweatshirt and escorted her out of the apartment. They both then walked to Schenkel's vehicle, with McFarland sitting in the passenger's seat and Schenkel in the driver's seat. Moments later, Hersey arrived at the apartment parking lot and when she saw Schenkel inside her vehicle, she approached Schenkel's vehicle and opened the driver's door. As Hersey was pleading with Schenkel not to leave, McFarland was screaming at Schenkel stating that she was a "whore [for] sleeping with other guys for [] crack and meth." (Transcript p. 364.). In addition, McFarland was pulling Schenkel's hair. Hersey eventually freed Schenkel from McFarland's hold, and she pulled Schenkel out of the vehicle. The yelling from the altercation attracted a crowd of observers. A neighbor, Jeff Gentry (Gentry), approached McFarland from the passenger door to try to intervene. In turn, McFarland jerked the passenger door open, got out of the vehicle and stabbed an unarmed Gentry in the left side of his torso. McFarland also flashed his knife to Gentry's friend and told him to back off. Furthermore, McFarland made physical threats to all present that, if they came closer, he would kill them. McFarland then got inside Schenkel's vehicle and quickly drove off. Shortly thereafter, the police arrived at the scene.

[5] Two days later, on May 14, 2013, the State filed an Information charging McFarland with battery, a Class C felony, I.C. § 35-42-2-1, as well as an habitual offender adjudication, I.C. § 35-50-2-8. A three-day jury trial was held on October 20-22, 2014. At the close of the evidence, the jury found McFarland guilty of battery. McFarland then admitted to being a habitual

offender. McFarland's sentencing hearing was held on November 20, 2014, wherein the trial court sentenced him to six years for the battery offense, and an additional seven years for the habitual offender finding, for an aggregate sentence of thirteen years.

[6] McFarland now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION[1]

[7] McFarland contends that his aggregate thirteen-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell v. State*, 895 N.E.2d 1219, 1224

---

[1] Pursuant to Indiana Administrative Rule 9(G)(2)(b) and Indiana Code section 35-38-1-13, the presentence investigation (PSI) report must be excluded from public access. However, in this case, the information contained in the PSI report "is essential to the resolution" of McFarland's claim on appeal. Ind. Admin. Rule 9(G)(7)(a)(ii)(c). Accordingly, we have included confidential information in this decision only to the extent necessary to resolve the appeal.

(Ind. 2008). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Id.*

[8] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). For his Class C felony, McFarland faced a sentencing range of two to eight years, with the advisory sentence being four years. In addition, on the habitual offender finding, Indiana Code section 35-50-2-8(h) limits the enhancement of a sentence for being a habitual offender to no "more than three (3) times the advisory sentence for the underlying offense." Since the underlying offense was a Class C felony which carries a four-year advisory sentence, the maximum possible enhancement was twelve years. Here, the trial court imposed a six-year sentence for his battery offense and seven years for the habitual offender enhancement.

[9] Turning to the nature of the offense, Gentry was simply trying to quell the disagreement between McFarland and Schenkel only to end up being stabbed in the torso. Gentry's wounds required medical treatment. Furthermore, McFarland also made physical threats to all present that he would harm them if they came closer.

[10] With respect to McFarland's character, the record shows that McFarland has shown an ongoing disregard for the laws of this State. McFarland had

accumulated an extensive criminal history by the time of sentencing, despite the fact that he was only twenty-seven years old. His offenses included seven felony convictions and six misdemeanors in five different causes since 2005. In addition, the PSI reveals that McFarland has had two probation violations which show his disdain for authority and unwillingness to comply with the law.

In light of the facts surrounding the nature of McFarland's offense and his character, we conclude that McFarland has failed to meet his burden of persuading us that his thirteen-year sentence is inappropriate.

## CONCLUSION

Based on the foregoing, we conclude that McFarland's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

Friedlander, Sr. J. and Brown, J. concur