## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2015, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Owens, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 24, 2015 <br><br> Court of Appeals Cause No. 15A05-1502-CR-59 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Sally A. McLaughlin, Judge <br><br> Cause No. 15D02-1403-FD-124 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Kevin Owens (Owens), appeals his sentence after pleading guilty to operating a vehicle while intoxicated with a prior conviction within the past five years, a Class D felony, Ind. Code § 9-30-5-3 (2013).

We affirm.

## ISSUE

Owens raises one issue on appeal, which we restate as: Whether Owens' sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

On March 12, 2014, Owens was stopped on U.S. 50 in Dearborn County, Indiana, for driving thirty-two miles per hour above the posted limit. The results of a breathalyzer revealed that Owens had a blood alcohol content (BAC) of .08. The next day, the State filed an Information, charging Owens with: Count I, operating a vehicle while intoxicated (OWI), a Class A misdemeanor; and Count II, operating a vehicle while intoxicated with a prior conviction within the past five years, a Class D felony.[1]

---

[1] The record shows that Count I was subsequently dismissed.

[5] On December 17, 2014, Owens pled guilty to Count II, operating a vehicle while intoxicated with a prior conviction within the past five years. Sentencing was left open to the trial court. The trial court then accepted the factual basis for Owens' guilty plea. Owens' sentencing hearing was held on January 22, 2015, at which the trial court sentenced Owens to an executed sentence of two years in the Department of Correction.

[6] Owens now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION[2]

[7] Owens contends that his two-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

---

[2] Pursuant to Indiana Administrative Rule 9(G)(2)(b) and Indiana Code section 35-38-1-13, the presentence investigation (PSI) report must be excluded from public access. However, in this case, the information contained in the PSI report "is essential to the resolution" of Owens' claim on appeal. Ind. Admin. Rule 9(G)(7)(a)(ii)(c). Accordingly, we have included confidential information in this decision only to the extent necessary to resolve the appeal.

"Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Id.*

[8] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). The sentencing range for a Class D felony is six months to three years, with one and one-half years being the advisory term. I.C. § 35-50-2-7. Here, the trial court sentenced Owens to an executed sentence of two years, which is below the maximum sentence.

[9] As to the nature of the offense, Owens states in his appellate brief that:

> [t]he nature of his crime is that [he] operated a vehicle with a BAC of .08 which is the minimum illegal level of intoxication. There is nothing in the probable cause [affidavit] to demonstrate that his actions were outside the scope of what one would expect for a typical OWI. For instance, nothing suggests Owens drove in an extremely hazardous manner, that he disobeyed the officer or that he placed anyone other than himself in any real danger.

> (Appellant's Br. p. 4).

[10] Despite his claims, the probable cause affidavit stated that a caller alleged that Owens nearly hit her vehicle while driving. Moreover, Owens was stopped for doing seventy-seven miles per hour in a forty-five mile per hour zone. The

officer who initiated the stop observed that Owens had slurred speech, his eyes were glassy, and he had an abusive attitude towards the officer. In addition, the officer asked Owens to perform a one leg stand, a walk and turn, and a gaze nystagmus test to determine if he was impaired, and Owens failed all of them. Also, Owens had an alcohol concentration level of .08 grams of alcohol per 210 liters of breath. In light of the foregoing, Owens' crime was not as mundane as he suggests. Besides, this was Owens' fourth conviction of OWI with the first one being in Ohio in 1997, the second in Indiana in 2006, and the most recent one in Kentucky in 2009.

[11] As to Owens' character, not only does Owens have three prior convictions for OWI, the record shows that he has an extensive criminal history. Owens' criminal record dates back to 1990, and it includes ten contacts with law enforcement in Kentucky. Some of these contacts include: assault, theft of motor vehicle registration, alcohol intoxication in a public place, domestic violence, shoplifting, and resisting arrest. While Owens pled guilty to the current offense, the State dismissed the remaining charge. At the sentencing hearing, the trial court noted that Owens had had at least three opportunities to address his alcohol problem through alternative sentencing arrangements but he continues to commit the same alcohol-related offenses.

[12] Accordingly, we find that Owens' history of criminal activity is indicative of his disregard for the law and provides ample justification for the sentence imposed. Owens has failed to persuade this court that his two-year sentence was inappropriate.

## CONCLUSION

[13] In light on the foregoing, we conclude that Owens' sentence is not inappropriate in light of the nature of the offense and his character.

[14] Affirmed.

[15] Brown, J. and Altice, J. concur