## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 12 2015, 6:04 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert J. Fugate, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 12, 2015<br><br>Court of Appeals Case No.<br>84A01-1505-CR-411<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable John T. Roach, Judge<br><br>Trial Court Cause No.<br>84D01-1404-FB-1008 |

**Crone, Judge.**

## Case Summary

Robert J. Fugate, Jr., appeals the ten-year sentence imposed by the trial court following his guilty plea to class B felony rape. He asserts that his sentence is inappropriate in light of his character. Concluding that he has waived our review of the appropriateness of his sentence, we affirm.

## Facts and Procedural History

On April 9, 2015, Fugate raped his neighbor T.G. The State charged Fugate with class B felony rape, class D felony sexual battery, and with being a repeat sexual offender. Fugate and the State subsequently entered into a plea agreement pursuant to which Fugate pled guilty to class B felony rape, with a sentencing cap of ten years (the advisory sentence for a class B felony[1]), in exchange for the dismissal of the remaining charges. During sentencing, the trial court noted Fugate's guilty plea as a mitigating factor, but determined that his decision to plead guilty was entitled to no mitigating weight in light of the substantial benefit Fugate received in exchange for his plea, namely the dismissal of the additional charges.[2] The trial court found Fugate's extensive criminal history, which included multiple felonies, as an aggravating factor. At

---

[1] Ind. Code § 35-50-2-5.

[2] The trial court found that additional mitigating factors proffered by Fugate were unsupported by the evidence.

the conclusion of the hearing, the trial court imposed the maximum sentence allowable under the plea agreement, which was ten years. This appeal ensued.

## Discussion and Decision

[3] Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Sentencing is principally a discretionary function of the trial court to which appellate courts owe considerable deference. *Cardwell*, 895 N.E.2d at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[4] The argument section of Fugate's appellate brief is incredibly short and comments only scantly on his character. However, revision of a sentence pursuant to Appellate Rule 7(B) requires the appellant to demonstrate that his

sentence is inappropriate in light of *both* the nature of his offense and his character. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Because Fugate presents no argument, scant or otherwise, regarding the appropriateness of his sentence in light of the nature of his offense, we conclude that he has waived our review. *See id*.

[5] Waiver notwithstanding, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). The sentencing range for a class B felony is between six and twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. Because Fugate received the advisory ten-year sentence for his offense, we cannot conclude that his sentence is excessive.

[6] As for Fugate's character, we need look no further than his extensive criminal history, which includes a child molesting conviction along with numerous other felonies. There is nothing about Fugute's character that convinces us that his ten-year sentence is inappropriate. Accordingly, we affirm the sentence imposed by the trial court.

[7] Affirmed.

May, J., and Bradford, J., concur.