## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2016, 9:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gary A. Cook
Peru, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Pierre Malone,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 29, 2016

Court of Appeals Cause No.
34A05-1512-CR-2327

Appeal from the Howard Superior Court

The Honorable William G. Menges, Jr., Judge

Cause No. 34D01-1508-F4-713

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Pierre Malone (Malone), appeals his sentence after pleading guilty to dealing in a narcotic drug, a Level 5 felony, Ind. Code § 35-48-4-1.

[2] We affirm.

## ISSUE

[3] Malone raises one issue on appeal, which we restate as: Whether Malone's sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

[4] During the summer of 2015, the Kokomo Police Department Drug Task Force had been receiving numerous phone calls and hotline tips that Malone's house was being used as a drug house. In the late afternoon of August 4, 2015, the officers maintained a visual surveillance of Malone's home. The officers saw some short-stay traffic, with people frequently arriving and leaving Malone's home. Specifically, at around 4:10 p.m., an unknown man driving a Chevrolet truck briefly visited Malone's home. Shortly thereafter, the police stopped the Chevrolet truck, and a K9 officer detected the presence of narcotics inside the vehicle; however, they were prescription drugs. At around 5:00 p.m., a man driving a maroon Chrysler knocked on Malone's door and then left. Again, at 5:28 p.m., an unknown man briefly visited Malone's house. Two minutes later, a man driving a black Chevrolet Trailblazer arrived at Malone's home and then drove off. The officers followed the black Chevrolet and stopped it for a traffic

infraction. During the course of the traffic stop, the driver of the black Chevrolet admitted that he had swallowed a bag containing one gram of heroin. The officers also located a bag inside the center console, and the contents of that bag field tested positive for heroin.

[5] At approximately 6:48 p.m. on August 4, 2015, the police obtained a search warrant to search Malone's home. Prior to executing the search warrant, Jacques Malone (Jacques), Malone's son, was observed leaving the residence on a bicycle. Jacques was detained and subsequently transported to the Kokomo Police Department. Malone was observed leaving his home driving a silver Buick, and he was stopped and detained. At around 8:10 p.m., the Kokomo Police Department SWAT team entered Malone's home. Once inside, the officers discovered a piece of foil containing an off-white rock like substance, which field tested positive for heroin. More heroin was found on the top of a book case. Also recovered from the search was a syringe in the pocket of a dress coat inside Malone's bedroom, and three firearms were seized during the search.

[6] On August 7, 2015, the State filed an Information, charging Malone with Count I, dealing in a narcotic drug, a Level 5 felony; Count II, maintaining a common nuisance, a Level 6 felony; Count III, unlawful possession of a syringe, a Level 6 felony; and Count IV, dealing in a narcotic drug, a Level 4 felony. Pursuant to a plea agreement, on November 25, 2015, Malone pled guilty in open court to Count I, and the State agreed to dismiss the remaining Counts. Sentencing was left open to the trial court. On the same day, the trial court conducted

Malone's sentencing hearing, and at the close of the evidence, the trial court sentenced Malone to an executed sentence of six years in the Department of Correction, with 151 days of credit.

[7] Malone now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION[1]

[8] Malone contends that his six-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Whether we regard a sentence as appropriate at the end of the day turns on our

---

[1] Pursuant to Indiana Administrative Rule 9(G)(2)(b) and Indiana Code section 35-38-1-13, the presentence investigation (PSI) report must be excluded from public access. However, in this case, the information contained in the PSI report "is essential to the resolution" of Malone's claim on appeal. Ind. Admin. Rule 9(G)(7)(a)(ii)(c). Accordingly, we have included confidential information in this decision only to the extent necessary to resolve the appeal.

sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Id*.

[9] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). The sentencing range for a Level 5 felony is one year to six years, with three years being the advisory term. I.C. § 35-50-2-6(b). Here, the trial court sentenced Malone to the maximum sentence of six years.

[10] Our review of the nature of offense reveals that Malone pled guilty to dealing in a narcotic drug. As for Malone's character, prior to his current offense, Malone had several incidents of involvement with the criminal justice system. In 2007, Malone was charged with driving with a suspended license and false informing. For those offenses, Malone received one year of probation. In 2008, Malone was charged with check deception and he received one year of probation. Of significance is that this is not Malone's first drug offense. According to the PSI, in 2009, Malone was charged with three Counts of dealing in a schedule II controlled substance, two of those Counts were dismissed, and the trial court ordered him to attend the Drug Court Program, which he successfully completed. Malone characterizes his offense as an innocuous situation in which he, a relapsed drug addict, was doing his best to stay away from drugs, but he continued to associate himself with drug addicts. Malone claims that he could sustain a drug-free life if he received treatment for his drug addiction, and he would benefit from probation or in-home detention.

[11] Malone fails to recognize that defendants are not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right. *Cox v. State,* 706 N.E.2d 547, 549 (Ind. 1999). It is clearly evident that the prior imposition of more lenient sentences and participation in a drug program for Malone were not effective means of dealing with his drug addiction and repeated criminal history. Accordingly, we find that Malone's history of criminal activity is indicative of his disregard for the law and provides ample justification for the sentence imposed. Malone has failed to persuade this court that his six-year sentence is inappropriate.

## CONCLUSION

[12] In light on the foregoing, we conclude that Malone's sentence is not inappropriate in light of the nature of the offense and his character.

[13] Affirmed.

[14] Kirsch, J. and Pyle, J. concur