## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2016, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shane P. Cooper, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 31, 2016 <br><br> Court of Appeals Cause No. 34A05-1511-CR-1992 <br><br> Appeal from the Howard Circuit Court <br><br> The Honorable Lynn Murray, Judge <br><br> Cause No. 34C01-1501-MR-3 |

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Shane Cooper (Cooper), appeals his sentence after pleading guilty to voluntary manslaughter, a Level 2 felony, Ind. Code § 35-42-1-3.

[2] We affirm.

## ISSUE

[3] Cooper raises one issue on appeal, which we restate as: Whether Cooper's sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

[4] On January 15, 2015, Cooper woke up thinking about his former girlfriend, Lynne Dang (Dang), who had broken up with him the previous day. Cooper saw a photograph and a message that Dang had posted on Instagram indicating that Donnie Reynolds (Reynolds) was her new boyfriend. Cooper knew Reynolds because they had attended the same school and Reynolds was Cooper's marijuana supplier.

[5] Cooper believed that Dang was at Reynolds' apartment. As such, Cooper's intention was to go to Reynolds' apartment and talk to Dang, while at the same time, fight with Reynolds. Typically, Cooper always had a .22 caliber handgun with him since he bought "a lot of weed and he never really knows who he's buying it from." (Appellant's App. p. 8). On that morning, Cooper's instincts told him to carry a bigger gun on the belief that Reynolds had several guns at

his apartment. As such, Cooper took his father's .357 Magnum with him. Cooper arrived at Reynolds' apartment around 7:30 a.m. and banged on the door. Reynolds opened the door, stepped outside, and closed the door behind him. The two began quarrelling, and when Reynolds turned to go back into his apartment, Cooper grabbed Reynolds' arm to keep Reynolds from leaving. A fight ensued. According to Cooper, during the fight, his gun fell and both men reached for the gun. Cooper successfully grabbed the gun and pulled the trigger, shooting Reynolds. Cooper fled the scene, and left Reynolds bleeding on the floor.

[6] On January 16, 2015, the State filed an Information, charging Cooper with Count I, murder. On September 23, 2015, the State added Count II, voluntary manslaughter, a Level 2 felony. Pursuant to a plea agreement, on October 21, 2015, Cooper pleaded guilty to voluntary manslaughter in open court, and the State dismissed the murder charge. On the same day, the trial court held Cooper's sentencing hearing. At the close of the evidence, the trial court sentenced Cooper to an executed sentence of twenty years in the Department of Correction (DOC).

[7] Cooper now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Cooper contends that his twenty-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration

of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Id.*

[9] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). Pursuant to Indiana Code section 35-50-2-4.5, "[a] person who commits a Level 2 felony shall be imprisoned for a fixed term of between ten (10) and thirty (30) years, with the advisory sentence being seventeen and one-half (17 ½) years." The trial court sentenced Cooper to an executed sentence of twenty years.

[10] As to the nature of the offense, we note that Cooper was incensed by the fact that Reynolds was Dang's new boyfriend. Cooper's intention was to go to Reynolds' apartment to talk to Dang and fight with Reynolds. Cooper always carried a .22 caliber handgun, but on that day, he armed himself with a much more powerful handgun. When he arrived at Reynolds' apartment, he got into a verbal argument with Reynolds, which progressed into a physical fight. In the

process, Cooper's handgun fell, and Cooper grabbed it and shot Reynolds. Cooper fled the scene leaving Reynolds bleeding on the floor. The trial court noted that Reynolds' death was "senseless and tragic." (Tr. p. 37).

[11] As to his character, the evidence shows that Cooper did not have a prior criminal history, he pleaded guilty, and he showed remorse for his crime. However, the fact that Cooper admitted that he purchased a good deal of marijuana from people he did not know and that he went to these exchanges while armed with a handgun, does not suggest that he led a law abiding life. In sum, in light of the tragic circumstances surrounding the offense, and Cooper's character, we find the twenty-year sentence appropriate.

## CONCLUSION

[12] Based on the foregoing, we conclude that Cooper's sentence is appropriate in light of the nature of the offense and his character.

[13] Affirmed.

[14] Bailey, J. and Barnes, J. concur