# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2018, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Hartwell, *Appellant-Defendant,* | April 19, 2018 |
| | Court of Appeals Cause No. 84A01-1706-CR-1342 |
| v. | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Michael Rader, Judge |
| | Trial Court Cause Nos. 84D05-1405-FB-1303 & 84D05-1605-F5-1155 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Timothy Hartwell (Hartwell), appeals his sentence following his conviction after pleading guilty to stalking, a Class B felony, Ind. Code § 35-45-10-5; and intimidation, a Level 5 felony, I.C. § 35-45-2-1(2).

We affirm.

# ISSUE

Hartwell presents a single issue on appeal, which we restate as: Whether Hartwell's sentence is inappropriate in light of the nature of the offenses and his character.

# FACTS AND PROCEDURAL HISTORY

On May 16, 2014, the State filed an Information in Cause Number 84D06-1404-FB-1303 (FB-1303), charging Hartwell with Count I, stalking, a Class D felony, and Count II, stalking, a Class B felony. On February 13, 2015, Hartwell filed a Motion for Examination to Determine Competency to Stand Trial. On March 6, 2015, the trial court ordered Hartwell's psychiatric evaluation to be conducted by two doctors. On May 12, 2015, a competency hearing was conducted and Hartwell was found mentally incompetent to stand trial and was committed to a mental health facility.

On September 24, 2015, the Indiana Family and Social Services Administration reported to the trial court that Hartwell was competent to stand trial. On February 29, 2016, Hartwell again requested a mental health evaluation.

Again, the trial court appointed two doctors to conduct Hartwell's psychiatric evaluation.

[6] In April 2016, Hartwell sent death threat letters to the presiding judge in Cause Number FB-1303, and also to his attorney. On May 2, 2016, the State filed an Information in Cause Number 84D05-1605-F5-1155 (F5-1155), charging Hartwell with a Level 5 felony intimidation offense toward the presiding judge in FB-1303, and a Level 6 felony intimidation offense toward his attorney. On April 20, 2016, the trial judge in FB-1303 recused himself. On May 5, 2016, Cause Number FB-1303 was transferred into F5-1155. On May 10, 2016, the trial court conducted a competency hearing for both Causes. At the close of the hearing, the trial court determined that Hartwell was incompetent to stand trial, and he was again transferred to a mental health facility. On January 30, 2017, the trial court found that Hartwell had regained competency and set both Causes for trial.

[7] On May 2, 2017, Hartwell and the State entered into a plea agreement, where Hartwell agreed to plead guilty but mentally ill to Class B felony stalking under FB-1303, and to Level 5 felony intimidation under F5-1155. In exchange, the State agreed to dismiss the other Class B stalking charge in FB-1303 and the Level 6 felony intimidation charge in F5-1155. The plea agreement capped the sentence for the Class B felony stalking charge to twelve years, and four years for the Level 5 felony intimidation offense. On the same day, the trial court determined that a factual basis existed for Hartwell's charged offenses, and the trial court accepted Hartwell's plea of guilty but mentally ill. On May 31, 2017,

the trial court conducted a sentencing hearing and sentenced Hartwell to concurrent terms of twelve years for the stalking charge and four years for the intimidation charge to be executed in the Department of Correction (DOC).

[8] Hartwell now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[9] Hartwell claims that his sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, while the "character of the offender" permits a broader consideration of the defendant's character. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008); *Douglas v. State*, 878 N.E.2d 873, 881 (Ind. Ct. App. 2007). An appellant bears the burden of showing that both prongs of the inquiry favor a revision of his sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id*.

[10] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012*)*.  For his Class B felony stalking, Hartwell faced a sentencing range of six to twenty years, with the advisory sentence being ten.  Hartwell was sentenced to twelve years.  I.C. § 35-50-2-5.  Second, for his Level 5 felony intimidation, Hartwell faced a sentencing range of one to six years, with the advisory sentence being three.  I.C. § 35-50-2-6.  Hartwell was sentenced to four years.

[11] We first examine the nature of Hartwell's offenses.  The facts of Hartwell's Class B felony stalking conviction under FB-1303 reveal that in separate cause numbers, Hartwell had been found guilty but mentally ill in 2013 of a Class C felony stalking offense against Megan Loudermilk (Loudermilk).  For that Class C felony stalking conviction, Hartwell was sentenced to four years in the DOC, and a no-contact ordered was issued in favor of Loudermilk.  While incarcerated, Hartwell had repeated contacts with Loudermilk between February of 2013 and May of 2014.  Loudermilk reported the contacts which prompted the filing of the Class B felony stalking offense against Hartwell in FB-1303.  Turning to the nature of Hartwell's Level 5 felony intimidation conviction under F5-1155, we find it particularly serious.  While incarcerated for the stalking offense in FB-1303, Hartwell sent death threat letters to the presiding judge and his attorney, and those threats led to the filing of two intimidation offenses.  Here, we conclude Hartwell's sentence is not inappropriate in light of the egregious nature of his offenses.

[12] With respect to Hartwell's character, at his sentencing hearing, the trial court noted Hartwell's prior criminal history which included convictions for reckless driving, operating while intoxicated, and auto theft. The trial court also noted that the stalking offense under FB-1303 was Hartwell's third stalking offense. Specifically, Hartwell had amassed three stalking convictions between 2000 and 2012. The last stalking conviction in 2012 related to Loudermilk, who was the same victim under FB-1303. After due consideration of the trial court's decision and in light of Hartwell's criminal history, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and the character of the offender.

## CONCLUSION

[13] In sum, we hold that Hartwell's sentence is not inappropriate in light of the nature of the offenses and his character.

[14] Affirmed.

[15] May, J. and Mathias, J. concur