## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 26 2018, 7:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott C. Andrews
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jared Bustle,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 26, 2018<br><br>Court of Appeals Cause No. 17A-CR-3033<br><br>Appeal from the Bartholomew Superior Court<br><br>The Honorable James D. Worton, Judge<br><br>Trial Court Cause Nos. 03D01-1706-F6-3130; 03D01-1608-F6-4269; & 03D01-1707-F6-3942 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Jared Bustle (Bustle), appeals his sentence following his conviction after pleading guilty to three Counts of theft, Level 6 felonies, Ind. Code § 35-42-4-2(a).

We affirm.

# ISSUE

Bustle presents a single issue on appeal, which we restate as: Whether Bustle's sentence is inappropriate in light of the nature of the offenses and his character.

# FACTS AND PROCEDURAL HISTORY

On August 4, 2016, the State filed an Information in Cause Number 03D01-1608-F6-4269 (F6-4269), charging Bustle with Counts I and II, theft, Level 6 felonies. On June 5, 2017, the State filed an Information in Cause Number 03D01-1706-F6-3130 (F6-3130), charging Bustle with Counts I and II, theft, Level 6 felonies; Count III, unlawful possession of a syringe, a Level 6 felony; Count IV, resisting law enforcement, a Class A misdemeanor; and Count V, possession of a narcotic drug, a Level 6 felony. Less than a month later, on July 19, 2017, the State filed an Information in Cause Number 03D01-1707-F6-3942 (F6-3942), charging Bustle with Count I, theft, a Level 6 felony; and Count II, resisting law enforcement, a Class A misdemeanor.

On October 30, 2017, a change of plea hearing was held in which Bustle agreed to plead guilty to one Count of theft in Cause Number F6-4269; one Count of

theft, a Level 6 felony in Cause Number F6-1330; and one Count of theft, a Level 6 felony in Cause Number F6-3942. In exchange, the State agreed to dismiss all other Counts under the three Causes. The plea agreement left sentencing open to the trial court. On the same day, the trial court determined that a factual basis existed, and the trial court accepted Bustle's guilty plea. On November 29, 2017, the trial court conducted a sentencing hearing. At the close of the evidence, the trial court sentenced Bustle to a consecutive two-year sentence for each theft conviction, for an aggregate sentence of six years to be served in the Department of Correction (DOC).

[6] Bustle now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[7] Bustle claims that his consecutive six-year sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) empowers this court to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, while the "character of the offender" permits a broader consideration of the defendant's character. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008); *Douglas v. State*, 878 N.E.2d 873, 881 (Ind. Ct. App. 2007). An appellant bears the burden of showing that both prongs of

the inquiry favor a revision of his sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id*.

[8] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012*)*. For his Level 6 felony theft offenses, Bustle faced a sentencing range of six months to two and one-half years, with the advisory sentence being one. Bustle was sentenced to two years on each theft conviction. I.C. § 35-50-2-7(b).

[9] We first examine the nature of Bustle's offenses. The first theft under F6-4629 occurred the day after Bustle was released from prison for a 2006 Class C felony forgery conviction. After taking some drugs, Bustle went to Sunglass Hut and stole merchandise. In June 2017, Bustle shoplifted some items from a Kroger store and was charged with another theft offense in F6-3130. The following month, Bustle went to a Walgreens store and stole merchandise that led to his theft charge in F6-3942.

[10] With respect to Bustle's character, at his sentencing hearing, the trial court noted Bustle's prior criminal history. Bustle's criminal history dates back to 2004 where he was convicted of public intoxication. In 2006, Bustle was

convicted of two Class C forgery convictions under separate Causes. In 2007, Bustle plead guilty to disorderly conduct and illegal consumption of an alcoholic beverage. In 2009, Bustle was convicted of Class A misdemeanor criminal conversion. In 2014, Bustle pleaded guilty to Class D felony theft and the trial court recommended placement in Purposeful Incarceration. In addition, Bustle has been arrested approximately seventeen times over the past fourteen years, and has been undeterred by prior contacts with law enforcement.

[11] Further, we note that Bustle's history of thefts is inextricably linked to his untreated drug addiction. At his sentencing hearing, Bustle stated that he began using heroin at age eighteen. Bustle testified that he would steal "anything and everything" to fund his drug habit. (Tr. Vol. II, p. 23). Although we are aware of the difficulties such an addiction presents to an individual, Bustle has had many opportunities to rid himself of those difficulties. In the past, Bustle has been offered drug abuse treatment but did not take advantage of those treatment opportunities. In addition, Bustle has violated his probation, and continues to use drugs.

[12] Regardless of what is motivating Bustle's criminal conduct, an extended period of incarceration is necessary at this point to protect the public from that conduct. After due consideration of the trial court's decision and in light of Bustle's criminal history, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and the character of the offender.

# CONCLUSION

[13]   In sum, we hold that Bustle's six-year aggregate sentence is not inappropriate in light of the nature of the offenses and his character.

[14]   Affirmed.

[15]   Kirsch, J. and Vaidik, C.J. concur