## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2017, 10:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher N. Kennedy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 18, 2017

Court of Appeals Case No.
89A05-1705-CR-1068

Appeal from the Wayne Superior Court

The Honorable Charles K. Todd, Jr., Judge

Trial Court Cause No.
89D01-1505-F5-52
89D01-1505-F5-53

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Christopher Kennedy (Kennedy), appeals his sentence following his open guilty plea to two Counts of dealing in a narcotic drug, Level 5 felonies, Ind. Code § 35-48-4-1; and his adjudication as a habitual offender, I.C. § 35-50-2-8.

We affirm.

# ISSUE

Kennedy presents one issue on appeal, which we restate as: Whether Kennedy's sentences are inappropriate in light of the nature of the offenses and his character.

# FACTS AND PROCEDURAL HISTORY

On December 5, 2014, while on probation for operating a motor vehicle after a lifetime forfeiture of driving privileges, a Class C felony, and identity theft, a Class D felony, under Cause Number 10003-1003-FC-000004, Kennedy sold heroin in an amount of less than one gram to a confidential informant in Wayne County, Indiana. On January 5, 2015, Kennedy again sold heroin to a confidential informant in an amount of less than one gram.

On May 1, 2015, under Cause Number 89D01-1505-F5-52 (F5-52), the State charged Kennedy with dealing in a narcotic drug, a Level 5 felony. That same day, under Cause Number 89D01-1505-F5-53 (F5-53), the State charged Kennedy with another Level 5 felony, dealing in a narcotic drug. On May 26,

2016, under each Cause, the State charged Kennedy with an habitual offender enhancement. A joint jury trial for both Causes was scheduled for January 10, 2017. On January 5, 2017, Kennedy filed his Notice of Intention Plead Guilty to the Level 5 felonies under cause numbers F5-52 and F5-53. Kennedy also admitted to the habitual offender allegations under each Cause. On January 9, 2017, the trial court conducted a change of plea hearing and accepted Kennedy's guilty pleas.

[6] On April 13, 2017, the trial court conducted a sentencing hearing. At the close of the hearing, under Cause Number F5-52, the trial court ordered Kennedy to execute a four and one-half years sentence in the Department of Correction, enhanced by four years based on Kennedy's admission to the habitual offender charge. Under Cause Number F5-53, the trial court sentenced Kennedy to four and one-half years sentence, but it dismissed the habitual offender charge. Kennedy's sentences under both Causes were to run concurrently, for an aggregate sentence of eight and one-half years.

[7] Kennedy now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Kennedy claims that his eight-and-one-half-year sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the

offender. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, while the "character of the offender" permits a broader consideration of the defendant's character. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008); *Douglas v. State*, 878 N.E.2d 873, 881 (Ind. Ct. App. 2007). An appellant bears the burden of showing that both prongs of the inquiry favor a revision of his sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id*.

[9] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). For his Level 5 felonies, dealing in a narcotic drug, Kennedy faced a sentencing range of one to six years, with the advisory sentence being three years, to each offense. Kennedy's adjudication as an habitual offender in one of the offenses added an additional two to six years to his sentence. *See* I.C. § 35-50-2-8(i)(2). Here, the trial court imposed concurrent four and one-half years to each Level 5 felony conviction under Cause Numbers F5-52 and F5-53. However, it only enhanced the offense under Cause Number F5-52 by four years, thereby making Kennedy's aggregate sentence, eight and one-half years.

[10]    Kennedy characterizes the nature of his offenses as an innocuous situation, in which he sold limited amounts of heroin to a confidential informant. He additionally describes his offenses as nonviolent and victimless; and that his sentences are inconsistent with the State's historical posture of sentencing "low level street dealers" to lengthy prison sentences. (Appellant's Br. p. 15). In the instant case, Kennedy admitted to making the drug sales in December 2014, and January 2015 to a confidential informant. Kennedy's argument that his sentence is inappropriate because he sold limited amounts of heroin in both cases, does not assist an argument that his sentence is inappropriate.

[11]    With respect to his character, Kennedy offers no examples of "substantial virtuous traits or persistent examples of good character." *Stephenson v. State*, 29 N.E.3d 111, 121 (Ind. 2015). At Kennedy's sentencing hearing, the trial court stated that it could not ignore Kennedy's extensive criminal history. Over the course of twenty-eight years, Kennedy has amassed approximately twelve misdemeanors and ten felony convictions. His criminal resume includes convictions for minor consumption of alcoholic beverage, resisting law enforcement, driving while suspended, driving under the influence, leaving the scene of an accident, non-support of a dependent, domestic battery, operating a motor vehicle after lifetime forfeiture of driving privileges, and identity deception. Furthermore, this is not Kennedy's first drug offense. In 1995, Kennedy was originally charged with possession of cocaine, a Class B felony; but was convicted of the lesser included offense, a Class D felony. Moreover, at the time Kennedy committed the instant offenses, he was on probation and he

has had multiple probation violations filed against him. Kennedy postulates that his sentence is inappropriate because he is a "family man" and has exhibited "helpfulness and kindness to whom he was loyal." (Appellant's Br. 16). Notwithstanding his claim, Kennedy has been convicted multiple times for non-support of a dependent. In addition, Kennedy's longstanding substance abuse problem reflects poorly on his character. Kennedy reportedly began regularly using marijuana at age fourteen or fifteen, and at age eighteen, he regularly drank alcohol. Also, Kennedy experimented with prescription pills in his early twenties. In 2014 and 2015, Kennedy admittedly "snorted" heroin "a couple of times." (Appellant's App. Vol. II, p. 166). Kennedy fails to persuade us of any virtuous traits or circumstances that would in any way justify a downward revision of his sentence.

[12] Even though Kennedy has received lenient sentences in the past, including suspended sentences, fines, and probation; none of these measures were sufficient to deter him from committing the present offenses. Kennedy has failed to meet his burden in persuading us that his sentence is inappropriate in light of his character and the nature of the offenses.

## CONCLUSION

[13] In light of the nature of the offenses and Kennedy's character, we cannot say that an aggregate eight-and one-half-year sentence is inappropriate.

[14] Affirmed.

[15] Robb, J. and Pyle, J. concur